The base upon which the stamp tax will apply is to be arrived at as follows:

a. Take the legacy by will (this will include any inheritance taxes directed by the will to be paid by the estate).

b. Deduct from that the amount said legatee would have inherited if there were no will.

c. The difference resulting is the base upon which the stamp tax is to be calculated.

Hence if a legatee would have inherited nothing if there were no will, then the entire legacy by will (this would include his inheritance tax directed to be paid by the estate as discussed in II) would be the subject of the stamp tax.

On the contrary, if a legatee would have inherited without the will, that inheritance is to be deducted from the legacy as a credit before the stamp tax is imposed. The legacy would include the legatee's inheritance tax directed by the will to be paid from the estate as discussed in II.

The Court will remand this case to the District Court Commissioner with instructions to compute and approve the stamp tax in accordance with this decision.

Dan C. GILPIN, Plaintiff,

v.

Mrs. Mary A. (Gilpin) TACK, Mrs. W. L. Zumbro, Sheriff Clary Atkinson, Harry H. Atkinson, M.D., and J. B. Jamison, Jr., M.D., Defendants.

No. 1083.

United States District Court
W. D. Arkansas,
El Dorado Division.

July 18, 1966.

Dan C. Gilpin, pro se.

C. Richard Crockett, Little Rock, Ark., for Mrs. Mary A. (Gilpin) Tack and Mrs. W. L. Zumbro.

L. Weems Trussell, Fordyce, Ark., for Sheriff Clary Atkinson.

Graves & Graves, Hope, Ark., for Harry H. Atkinson, M.D.

Thomas Gaughan, Camden, Ark., for J. B. Jamison, Jr., M.D.

MEMORANDUM OPINION

HARRIS, District Judge.

This is a suit brought by the Plaintiff, Dan C. Gilpin, a resident of Texas, against the Defendants, Mrs. Mary A. (Gilpin) Tack, Mrs. W. L. Zumbro, Sheriff Clary Atkinson, Harry H. Atkinson, M.D., and J. B. Jamison, Jr., M.D., seeking damages for false arrest, malicious prosecution, and false imprisonment. The original complaint wherein these allegations are made was filed in the Texarkana Division of the Western District

of Arkansas, on August 17, 1965, by the Plaintiff, representing himself as counsel. He is not an attorney.

The Defendants, none of whom resided in the Texarkana Division, filed a motion to quash service on the basis of residence. At the Plaintiff's request the cause was transferred to the El Dorado Division of the Western District of Arkansas on September 14, 1965.

The incident upon which this suit was brought occurred on August 16th and 17th, 1962. On complaint of Mrs. Mary A. (Gilpin) Tack, the Plaintiff's wife at that time, the Plaintiff was arrested on August 16, 1962, for disturbing the peace in Fordyce, Dallas County, Arkansas, by Sheriff Clary Atkinson.

Since it developed the disturbance originated in the adjoining Calhoun County, Arkansas, and it appearing that the Plaintiff's residence was in Calhoun County, Plaintiff was transferred to the Calhoun County Jail.

An action for commitment to the Arkansas State Hospital was brought on an affidavit of Mrs. Mary A. (Gilpin) Tack, one of the Defendants herein, in the Calhoun County Probate Court on a charge of insanity. Dr. Harry H. Atkinson and Dr. J. B. Jamison, Jr., Defendants herein, examined the Plaintiff, Dan C. Gilpin, and on their testimony the Probate Court of Calhoun County, R. W. Lanius, Judge, committed the Plaintiff Dan C. Gilpin on August 17, 1962, to the Arkansas State Hospital for Nervous Diseases for care and treatment.

Following his commitment to the Arkansas State Hospital he was examined by the State Hospital's doctors, and on September 5, 1962, diagnosed a "Paranoid Schizophrenia". He was treated with group psychotherapy and administered Thorazine in gradually reducing dosages. Since it was determined that he was a resident of Texas, he was discharged from the State Hospital on November 26, 1962, as a non-resident of the State of Arkansas.

The Plaintiff seeks damages in the sum of $50,000 from the Defendants on the allegations of false arrest, malicious prosecution and false imprisonment.

On October 7, 1965, Plaintiff amended his complaint and alleged malpractice and libel against the Defendants Dr. Harry H. Atkinson and Dr. J. B. Jamison, Jr.

Each Defendant herein has filed timely responses to the complaint and amended complaint alleging the Statute of Limitations bars the action and that the pleadings failed to state a cause of action upon which relief could be granted. They asked that the action be dismissed.

This Court has jurisdiction of the case based on diversity of citizenship, the amount in controversy exceeding $10,000 exclusive of interest and costs.

In a pre-trial order dated January 10, 1966, the Court directed the parties to prepare and submit a brief on the question of the Statute of Limitations applicable to this case. On the question of libel, the Court directed the Plaintiff to advise which of the Defendants he claims libeled him, the nature of the alleged libel or libels and the dates on which he claims they occurred. The Plaintiff attempted to comply with that part of the pre-trial order of the Court by filing a brief on the Statute of Limitations, but failed to comply with the pre-trial order of the Court on the question of libel in that he did not include the nature of the alleged libel or libels or the dates on which he claims they occurred. It appears that Plaintiff's allegations of libel against Defendants Dr. Atkinson and Dr. Jamison are based on their interrogatories in connection with this case.

There are two questions involved herein for a determination. First, are the allegations in the petition of the Plaintiff barred by the Statute of Limitations under Arkansas law; and, second, does the complaint and subsequent pleadings herein state a cause of action on which relief can be granted?

The Court will consider the question of Statute of Limitations first.

In the original petition the Plaintiff alleged false arrest, false imprisonment, and malicious prosecution. In the

amended complaint, malpractice and libel was alleged against the Defendants, Dr. Harry H. Atkinson and Dr. J. B. Jamison, Jr.

■ Under the Arkansas Statutes, an allegation of false arrest must be brought within two years. [Ark.Stat.Anno. § 37–203] [1] The allegation in this case accrued on August 16, 1962, and this suit was filed August 17, 1965, a period of three years. Therefore, the allegation of false arrest is barred by the Statute of Limitations and should be dismissed.

■ An action alleging false imprisonment under Arkansas Statutes must be commenced within one year after the cause of action accrued. [Ark.Stat. Anno. § 37–201] [2] The Statute of Limitations of one year had run prior to the bringing of the action, therefore, the allegation of false imprisonment is barred by the Statute of Limitations and should be dismissed.

■ Any action alleging malpractice under Arkansas law must be brought within two years after the cause of action accrued. [Ark.Stat.Anno. § 37–205] [3] The date of accrual of the cause of action in this case for malpractice

against the Defendant doctors was August 17, 1962. This suit was brought alleging malpractice on October 7, 1965. Two years having run, the action was barred by the Statute of Limitations and should, therefore, be dismissed.

■■ The allegation of libel against the Defendants Dr. Harry H. Atkinson and Dr. J. B. Jamison, Jr., contained in the Plaintiff's amended complaint filed October 7, 1965, was a new and independent cause of action not included in the original complaint of the Plaintiff of August 17, 1965. Under Arkansas law the Statute of Limitations continued to run until the date of the filing of the amended complaint alleging libel herein. [Love v. Couch, 181 Ark. 994, 28 S.W.2d 1067, Bridgman v. Drilling, 218 Ark. 772, 774, 238 S.W.2d 645, and Air Leases, Inc. v. Baker, D.C., 167 F.Supp. 145, 150] An action alleging libel under Arkansas law must be brought within three years after the cause of action accrued. [Ark. Stat.Anno. § 37–206] [4] Three years having run the allegation of libel was barred by the Statute of Limitations and should, therefore, be dismissed.

Having disposed of the allegations barred by the Statute of Limitations, the

1. Ark.Stat.Anno. § 37–203. All actions against sheriffs and coroners, upon any liability incurred by them, by doing any act, in their official capacity, or by the omission of any official duty, except for escapes, shall be brought within two [2] years after the cause of action shall have accrued, and not thereafter.

2. Ark.Stat.Anno. § 37–201. The following actions shall be commenced within one [1] year after the cause of action shall accrue, and not after: first, all (special actions on the case) [actions] for criminal conversation, assault and battery and *false imprisonment;* second, all actions for words spoken slandering the character of another; third, all words spoken whereby special damages are sustained.

3. Ark.Stat.Anno. § 37–205. Hereafter all actions of contract or tort for *malpractice,* error, mistake, or failure to treat or cure, against physicians, surgeons, dentists, hospitals, and sanitaria, shall be commenced within two [2] years after the cause of action accrues. The date of the accrual of the cause of action shall

be date of the wrongful act complained of, and no other time.

4. Ark.Stat.Anno. § 37–206. The following actions shall be commenced within three [3] years after the passage of this act, or, when the cause of action shall not have accrued at the taking effect of this act, within three [3] years after the cause of action shall accrue: First, all actions (of debt) founded upon any contract, obligation, or liability, (not under seal [and not in writing],) excepting such as are brought upon the judgment or decree of some court of record of the United States, of this, or some other State; (second, all actions upon judgments rendered in any court not being a court of record;) third, all actions for arrearages of rent (not reserved by some instrument in writing, under seal;) fourth, all actions (of account, assumpsit, or on the case,) founded on any contract or liability, expressed or implied; fifth, all actions for trespass on lands, *or for libels*; sixth, all action for taking or injuring any goods or chattels.

question of whether the pleadings support an action of malicious prosecution or libel upon which relief can be granted will be considered.

■■ Malicious prosecution in this case is inseparable from the acts and actions which lead to the commitment of the Plaintiff by order of the Calhoun County Probate Court.[5] The proceedings complained of herein are the pleadings of the Calhoun County Probate Court committing the Plaintiff to the Arkansas State Hospital. An essential element of malicious prosecution is that the pleadings on which the complaint is based terminate in favor of the plaintiff.[6] From the examination of the Plaintiff at the Arkansas State Hospital the plaintiff was diagnosed as "Paranoid Schizophrenia". This is admitted as a part of the pleadings filed by the Plaintiff herein. On October 19, 1965, the Plaintiff attempted to amend his complaint and make Dr. Robert G. Carnahan and other doctors of the staff of the Arkansas State Hospital for Nervous Diseases Defendants. The Court refused to accept the tendered complaint on the basis that it was a "very weak pleading", and "technically deficient" in its jurisdictional allegations.[7] The commitment and subsequent acts of record referred to herein are conclusive of probable cause. Therefore, the pleading failed to state a cause of action of malicious prosecution upon which relief can be granted and should be dismissed.

■ Further, on the question of libel alleged against Defendants Dr. Harry H. Atkinson and Dr. J. B. Jamison, Jr., the Plaintiff failed or refused to comply with the pre-trial order of the Court in that he did not advise the Court the "nature of any alleged libel or libels or the dates on which he claims they occurred". It appears from the Plaintiff's allegation in his amended complaint that the libel complained of was contained in the official interrogatories in connection with the case. In order of the commitment of the Probate Court of Calhoun County the court referred to the testimony of H. H. Atkinson, M.D., and J. B. Jamison, M.D., two competent and disinterested physicians. In response to Plaintiff's Motion for Request of Admissions the Defendant Dr. J. B. Jamison acknowledged that on the statements of Sheriff Atkinson, Dr. Harry H. Atkinson and Wilton Stewart, Administrator of Dallas County Hospital, Fordyce, Arkansas, he answered and signed the interrogatories which were filed in connection with the lunacy hearing of the Plaintiff. In the separate answer of Dr. H. H. Atkinson to Request for Admissions he stated that at the request of Bill Parker, Deputy Sheriff of Calhoun County, he interviewed the Plaintiff resulting in his answering the interrogatories filed with the Clerk of the Probate Court of Calhoun County. It has long been recognized that statements made by witness in the regular course of a judicial proceeding "are absolutely privileged where they are * * * relevant and pertinent to the subject of inquiry, whether they are false or malicious. It is sufficient if the words are uttered under an honest belief that they are relevant and pertinent, whether they are so in fact or not".[8]

■ Therefore, since the alleged libelous allegations were of a privileged nature the pleadings fail to state a cause of action of libel on which relief can be granted and should be dismissed.

From what has been said herein it follows that this cause must be dismissed.

5. Order of Commitment by the Probate Court of Calhoun County, Arkansas, committing Dan C. Gilpin to the Arkansas State Hospital for Nervous Diseases, August 17, 1962.

6. 54 C.J.S. Malicious Prosecution §§ 14 and 54.

7. Memorandum and Order of the Court filed herein, October 19, 1965.

8. 53 C.J.S. Libel & Slander § 104(8). Johnson v. Dover, 201 Ark. 175, 143 S.W.2d 1112, and cases cited therein.