CHIPPERFIELD, Appellant v. WOESSNER et al., Respondents

(166 N.W.2d 727)

(File No. 10587. Opinion filed March 28, 1969)

■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

■■■■■

**Davenport, Evans, Hurwitz & Smith,** and **Lawrence L. Piersol,** Sioux Falls, for plaintiff and appellant.

**Woods, Fuller, Shultz & Smith,** and **H. L. Fuller,** Sioux Falls, for defendants and respondents.

RENTTO, Judge.

This is an action for personal injury.

Defendants moved for summary judgment claiming that the plaintiff had not commenced his action within the period of time specified by law for bringing it. On this defense there was no genuine issue as to any material fact. The court being of the view that the action had not been timely brought granted the motion and entered judgment dismissing plaintiff's complaint and amended complaint. He appeals.

Plaintiff's complaint claims that on September 16, 1962, the defendant Ray Woessner negligently drove a motor vehicle against him as he was crossing a street in Sioux Falls, South Dakota, causing him to suffer a broken leg and other bodily injuries. In his amended complaint he alleged additionally that

the vehicle was owned by the driver's father, Harold Woessner, and that the father was negligent in entrusting it to his son. However, plaintiff's assignments of error question only that part of the judgment which dismissed his action against the defendant son.

From the record on which the motion for summary judgment was submitted it appears that plaintiff and Ray Woessner were teenage friends and associates. At the time of the accident they were about 17 and 18 years of age respectively. Plaintiff became 21 years of age on July 1, 1966. When the accident occurred Ray was residing with his parents in their home in Sioux Falls, Minnehaha County, South Dakota. He continued to reside with them in that home and in their home at Ellis, in the same county, until he was married on February 1, 1964. After that he resided with his wife in a trailer located near his parents' home at Ellis for about two years. Then he and his wife moved into a house next door to his parents and lived there until April 1967, after which they moved into a trailer located in a Mobile Home Park in Sioux Falls.

The sheriff's certificate of service states that the summons in this cause came into his hands for service on June 16, 1967 and that he served it on Ray Woessner at Ellis on June 19, 1967 by leaving a copy at his dwelling house in the presence of his mother who was then a member of his family. At that time Ray was not residing in his parents' home, but was living with his wife and children in their trailer home in the Mobile Home Park in Sioux Falls. This is not disputed. The sheriff's second return of service states that the summons came into his hands for service on June 16, 1967, and certifies that he served it on Ray at Sioux Falls on September 15, 1967 by leaving a copy at his dwelling house in the presence of his wife.

At the time of the accident and later, Ray worked as a bricktender in construction work in and around Sioux Falls. In 1966 and 1967 he worked for tile contractors in Iowa and North Dakota. During these years his work took him out of the state through the week, but he returned for the weekend which he

spent with his wife and children at their dwelling. When service of the summons was attempted to be made on him by leaving a copy of it with his mother at her home in Ellis he was working near Dickinson, North Dakota. The home of his parents had not been his dwelling for more than two years.

 Statutes of limitations are necessarily arbitrary. That is their nature. They are regarded as statutes of repose designed to eliminate fraudulent and stale claims and operate against those who sleep on their rights. Hinkle v. Hargens, 76 S.D. 520, 81 N.W.2d 888. In the operation of our judicial system they serve a beneficial purpose. While their use defensively has on occasions been frowned on by the courts, that attitude has become less prevalent. This court has said that a defense based on a statute of limitations is meritorious and should not be regarded with disfavor. It should be treated like any other defense. F. M. Slagle & Co. v. Bushnell, 70 S.D. 250, 16 N.W.2d 914, 156 A.L.R. 1070; Rathje v. Kaufmann, 72 S.D. 380, 34 N.W.2d 494. In keeping with the admonition of SDC 65.0202 that our statutes generally be liberally construed with a view to effect their objects, statutes of limitations must be similarly applied.

Plaintiff's action being one for personal injury had to be commenced within three years after it accrued. SDC 1960 Supp. 33.0232(5). Because he was under the age of 21 years when the action accrued, his infancy extended the time in which it could be brought one year after he attained that age. SDC 1960 Supp. 33.0204. Accordingly, the statute of limitations, as extended by this section, became a bar to his action on July 1, 1967.

 RCP 3 states that "A civil action is commenced as provided in SDC 1960 Supp. 33.0202". By virtue of this section[1] under some circumstances delivering the summons to an officer with intent that it shall be actually served is deemed equivalent to the commencement thereof. Here it was so delivered to the

---

1. "An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided * * * Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days."

sheriff on June 16, 1967, but plaintiff may not have the benefit of this provision because it was not served until September 15, 1967, which was more than 60 days thereafter. The attempt to serve him on June 19, 1967 was a nullity because it was not made at his dwelling. Hays v. Alway, 39 S.D. 586, 166 N.W. 139. These the plaintiff does not seem to dispute, but he claims that the time in which he could bring his action was further extended by Ray Woessner's absences from South Dakota in 1966 and 1967 while working in Iowa and North Dakota.

This contention is bottomed on SDC 1960 Supp. 33.0203 which provides:

> "If when the cause of action shall accrue against any person he shall be out of the state, such action may be commenced within the terms herein respectively limited after the return of such person into this state; and if after such cause of action shall have accrued, such person shall depart from and reside out of the state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

In construing this section it was said in Durr v. Hardesty, 76 S.D. 232, 76 N.W.2d 393, that the time a defendant was absent from the state after a cause of action accrued against him is not counted as part of the period in which such action must be commenced, even though the absence did not involve a change of his actual fixed residence. The question presented is whether the rule is here applicable. We think not.

There is one basic factual difference between this case and Durr. Here plaintiff's remedy was complete and unaffected by Ray Woessner's absence from the state since the summons could have been served on him by leaving a copy at his dwelling house as provided in RCP 4(e).[2] This is the manner in which

---

2. "Service in the following manner shall also constitute personal service. If the defendant cannot be found conveniently, service may be made by leaving a copy at his dwelling house in the presence of a member of his family over the age of 14 years or if the defendant resides in the family of another, with a member of such age of the family with which he resides."

it was eventually served on him on September 15, 1967.[3] Plaintiff reads the Durr opinion as indicating that dwelling house service could have been made on the defendant during his absence from the state. We do not so understand it. Our view finds support in the fact that the possibility of substituted service was not mentioned by the court. From the briefs in that case it is clear that plaintiff's assumption is without basis.

■ In view of this difference in circumstances we believe that the rule in Durr is inapplicable. Why should a party's absence from the state extend the time in which an action can be commenced when during his absence personal service can be made on him therein? Such circumstance removes the reason for tolling the statute. Consequently, we hold that defendant's absences from the state did not extend the time in which plaintiff could commence his action. To hold otherwise could extend it unreasonably.

■ Concerning this it is written in Busby v. Shafer, 75 S.D. 428, 66 N.W.2d 910, that:

> "The intent of these provisions tolling the running of the statute of limitations is to prevent a person from defeating a just claim merely by absenting himself from the state and thereby prevent service of process upon him and to give plaintiff the full period of limitation for the commencement of his action. A court may look to the policy underlying a statute and place on it a reasonable interpretation which will best accomplish its purpose rather than defeat it even though not literally within its language. Read v. Jerauld County, 70 S.D. 298, 17 N.W.2d 269. Recognizing this rule of construction, this court in Froelich v. Swafford, 35 S.D. 35, 150 N.W. 476, 479, 893, said: 'Where a party has, through an action in the courts of any state, a complete and adequate remedy for the redress of a wrong or the protection of a right—

---

3. Plaintiff's present counsel were retained on March 19, 1968.

a remedy the enforcement of which is unaffected by the absence from such state of the one against whom he makes his claim to relief—such absence does not, under section 69 [SDC 33.0203], supra, extend the time within which he must bring an action to enforce his rights'."

As that case points out this is the general rule. 54 C.J.S. Limitations of Actions § 212; 34 Am.Jur., Limitation of Actions, § 221; 94 A.L.R. 485; 119 A.L.R. 331, 859. We are unwilling to recede from it. While Busby involved substituted service under our non-resident motorist service statute, its logic is equally compelling here. Its rationale represents not only the majority rule, Daigle v. Leavitt, 54 Misc.2d 651, 283 N.Y.S.2d 328, but we think also the sounder view. The important consideration is the fact that personal service can be made in defendant's absence rather than the manner thereof.

■ It is also urged that the defendant is estopped to rely on the bar of the statute because of statements claimed to have been made to the officer by defendant's mother when he attempted to serve him by leaving a copy of the summons with her on June 19, 1967. That a party may by his conduct estop himself from asserting that defense has been recognized by this court. Kroeger v. Farmers Mutual Ins. Co., 52 S.D. 433, 218 N.W. 17; Farmers' Shipping Association of Sinai v. Nordgren, 56 S.D. 152, 227 N.W. 576, and Braunstein v. North River Ins. Co., 62 S.D. 561, 255 N.W. 463. However, the record reveals this issue was not before the trial court. Accordingly, it is not presented here. Fales v. Kaupp, 83 S.D. 487, 161 N.W.2d 855. Since our function is that of review, issues not presented to the trial court are not before us on appeal.

Affirmed.

All the Judges concur.