W. G. DEITZ

v.

George H. BOWMAN and
Claude Baker.

Civ. No. 73–3038.

United States District Court,
D. South Dakota.

Nov. 20, 1975.

**1112**

Robert B. Looby, Pierre, S. D., for plaintiff.

C. D. Kell, Murdo, S. D., for defendants.

## MEMORANDUM OPINION

BOGUE, District Judge.

By Complaint filed October 1, 1973, this action alleges an assault, battery, false imprisonment and kidnapping, all of which allegedly occurred on October 1, 1970. The action seeks damages under 42 U.S.C. § 1983.

The Answer asserts a Statute of Limitations defense based on S.D.C.L. § 15–2–14 (1967), which reads in relevant part:

Except where, in special cases, a different limitation is prescribed by statute, the following civil actions . . . can be commenced only within three years after the cause of action shall have accrued:

(1) An action against a sheriff, coroner or constable upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution. But this subdivision shall not apply to an action for an escape.

Both of the named defendants in this case admittedly held the office of sheriff in their respective counties on October 1, 1970, and the action allegedly arose from their conduct as sheriffs.

Assuming that the limitation for actions against a sheriff contained in S.D.C.L. § 15–2–14, the section pleaded in the Answer is the applicable limitations period, the action was timely commenced under that section. This conclusion is based on an examination of S.D.C.L. § 15–6–6(a), which reads:

In computing any period of time prescribed or allowed by this chapter, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

This provision would appear by its terms to apply to the computation of a statute of limitations. *See Paynter v. Chesapeake and Ohio Railway*, 60 F.R.D. 153, 157 (W.D.Va.1973). In short, if the three-year statute of limitations for actions against sheriffs is applicable to this case, the limitations period would have run on October 2, 1973, and thus the action was commenced within the period of limitations.

However, the defendants have also indicated a reliance on S.D.C.L. § 15–2–15(1), which reads:

Except where, in special cases, a different limitation is prescribed by statute, the following civil actions . . . can be commenced only within two years after the cause of action shall have accrued:

(1) An action for libel, slander, assault, battery, or false imprisonment.

Initially, it should be noted that defendants have not raised the applicability of this statute through either pleading or motion. However, plaintiff has submitted a brief in opposition which indicates that he was made aware of the issue October 9, 1975, at a pretrial conference. Under these particular circumstances, this Court concludes that it may properly proceed to this issue by virtue of F.R.Civ.P. 15(b), which states in relevant part:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.

■ Rule 15(b) applies to defenses as well as claims. *See, Metropolitan Life Insurance Company v. Fugate*, 313 F.2d 788, 795 (5th Cir. 1963). Further, although the rule is commonly construed in the context of evidentiary matters, Rule 15(b) may be invoked when an issue of law is raised and argued by the parties. *Aluminum Company of America v. Admiral Merchants Motor Freight, Inc.*, 337 F.Supp. 674, 685 (N.D.Ill. 1972).

■ The application of Rule 15(b) should turn on whether a party has had a fair opportunity to be heard on the issue. *Moore's Federal Practice* § 15.-14[2] p. 993. Examining the circumstances in this light, three facts in this case indicate that the issue is properly before the Court:

1. The issue of limitations was raised in the answer, albeit by reference to a different statute than that now at issue;

2. The issue of the two-year statute of limitations was discussed on October 9 at the pretrial conference; and

3. Plaintiff has submitted a brief on the issue of the two-year statute of limitations.

On the other hand, considerations of "curbstone equity" warrant mention of two other facts:

1. Defendants have not submitted a brief on the issue. Their only work has been copying the two statutes of limitations and some cases of questionable relevance;

2. Nothing in the record indicates that defendants have gone to the trouble of formally raising the issue.

■ Nevertheless, it remains the duty of the Courts to apply the law. With this injunction in mind, the Court concludes that the issue is fairly before it under F.R.Civ.P. 15(b). We can now turn to the merits of the issue.

■ Since 42 U.S.C. § 1983, under which this action was brought, has no statute of limitations, federal courts must turn to state law both for determining the applicable limitations statute and construction of that statute. *Ammlung v. City of Chester*, 494 F.2d 811 (3rd Cir. 9174). The issue presented here is one of first impression in South Dakota, and little authority exists elsewhere on this point.

Defendants rely on the case of *Alexander v. Thompson*, 195 F. 31 (6th Cir. 1912), which was an action against a sheriff for false imprisonment allegedly committed by his deputies. The Court

held that the action was barred by a two-year statute of limitations for false imprisonment, and that a three-year statute for actions against sheriffs for their deputies' misconduct or neglect was inapplicable. Further research disclosed one other case on point, *Gilpin v. Tack,* 256 F.Supp. 562 (W.D.Ark.1966). *Gilpin* involved an action against, *inter alia,* a sheriff alleging, *inter alia,* false arrest and false imprisonment. Arkansas law presented two possible statutes of limitations:

1. A two-year limitations period for actions against sheriffs, contained in an Arkansas statute which is quite similar to South Dakota's limitation for actions against sheriffs.

2. A one-year limitations period for actions for criminal conversation, assault and battery and false imprisonment.

■ The *Gilpin* Court held that the two-year period applied for the claim of false arrest, but that the one-year period applied for the claim of false imprisonment.[1]

■ In the case at bar, false arrest is not specifically alleged. Under the *Gilpin* rationale, the claims of false imprisonment, assault and battery, would be barred by the S.D.C.L. § 15–2–15(1) two-year limitations period. Plaintiff's brief argues that the action is saved in that kidnapping is alleged. Research disclosed no authority relating to civil liability for kidnapping, and this Court's conclusion is that an action for kidnapping is actually one for false imprisonment. With the exception of kidnapping, the torts specifically alleged in the Complaint are all enumerated in S.D.C.

L. § 15–2–15(1) as ones which must be the basis of an action commenced within two years after their alleged occurrence.

Plaintiff's brief relies in part on the proposition that where there is a substantial question as to which of two statutes of limitations should be imposed, the statute with the longest limitation period should be favored. *See Adams v. Little Missouri Minerals,* 143 N.W.2d 659 (N.D.1966); *Sprung v. Rasmussen,* 180 N.W.2d 430 (Iowa 1970); *Payne v. Ostrus,* 50 F.2d 1039 (8th Cir. 1931). Of course the application of this proposition turns on whether there is a substantial question as to which of the two statutes applies. In the judgment of this Court, the cases of *Alexander v. Thompson,* 195 F. 31 (6th Cir. 1912) and *Gilpin v. Tack,* 256 F.Supp. 562 (W.D.Ark.1966), demonstrate that there is no substantial question.

■ Assuming *arguendo,* however, that the instant case presents such a substantial question, South Dakota law must be examined to determine whether the proposition favoring the longer period is to be invoked here. *See Ammlung v. City of Chester,* 494 F.2d 811 (3rd Cir. 1974). The proposition would seem to be a corollary of the broad policy viewing statutes of limitations with disfavor. South Dakota has rejected that policy in *Chipperfield v. Woessner,* 84 S.D. 13, 166 N.W.2d 727 (1969), a personal injury case wherein the three-year statute of limitations had expired fifteen days before the action was commenced. The Court in *Chipperfield* expressed its opinion on this point as follows:

Statutes of limitations are necessarily arbitrary. That is their na-

[1]. In this context, one difficulty with the *Gilpin* case is the fact that the Court there assumed without discussion that false arrest is distinguishable from false imprisonment. South Dakota has apparently made the same assumption. *See, Bean v. Best,* 77 S.D. 433, 93 N.W.2d 403 (1958). Other authorities have made the opposite assumption, and conclude that "false arrest" constitutes one means of perpetrating the confinement

which is an element of false imprisonment. Restatement, Torts 2d § 41 (1965); Prosser, *Law of Torts,* § 11 p. 42 (4th ed. 1971); *see also Burlington Transportation Co. v. Josephson,* 153 F.2d 372 (8th Cir. 1946) (applying South Dakota law). It would seem that *Gilpin* is incorrect on this point, and that a false imprisonment statute of limitations would also bar an action denominated as false arrest.

ture . . . While their use defensively has on occasions been frowned on by the courts, that attitude has become less prevalent. This Court has said that a defense based on a statute of limitations is meritorious and should not be regarded with disfavor. It should be treated like any other defense. 84 S.D. 13 at 16, 166 N.W.2d 727 at 728.

Thus, if the rule favoring a longer limitations period is part of the policy against statutes of limitations generally, it is not, in light of *Chipperfield*, applicable in this case.

For the foregoing reasons, this Court has determined that the action is barred by S.D.C.L. § 15–2–15(1), and the action is hereby dismissed.

The foregoing Memorandum Opinion constitutes this Court's findings of fact and conclusions of law.