Gene V. LODERMEIER, Plaintiff,

v.

CITY OF SIOUX FALLS, Rick Knobe, Merlin Sorenson, Donald Skadsen, Max Madsen, John Johnson, Billy G. Pattison, Henry G. Luebke, Dennis Sievers, H. Dean Schultz, Ten Unknown Police Officers, Defendants.

No. CIV78–4016.

United States District Court, D. South Dakota, S. D.

Oct. 30, 1978.

John N. Gridley III, of Gridley, Nasser & Arneson, Sioux Falls, S. D., for plaintiff.

Gary Thimsen, of Woods, Fuller, Shultz & Smith, Roger Schiager, Sioux Falls, S. D., for defendants.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

### FACTS

Defendants, City of Sioux Falls, Mayor Rick Knobe and Merlin Sorenson, have filed a motion for summary judgment and defendants Donald Skadsen, Max Madsen, John Johnson, Billy G. Pattison, Henry Luebke, Dennis Sievers and H. Dean Schultz, have filed a motion for partial summary judgment.

A hearing was held in August 3, 1978, and continued until August 15, 1978, where counsel for the defendants, Gary Thimsen, spoke in favor of the motion for summary judgment and counsel for the plaintiff, John N. Gridley III, spoke in opposition to the motion. The Court reserved its ruling until briefs could be submitted by both parties.

The Court has carefully considered the arguments of counsel and the authorities cited by the plaintiff and defendants together with the pleadings, interrogatories, affidavits and depositions on file, and it is the conclusion of this Court that the defendants' motion for summary judgment and partial summary judgment should be granted.

The plaintiff filed a verified complaint on February 21, 1978. The complaint alleges four causes of action: First, an action against all of the defendants under 42 U.S.C. section 1983 and 28 U.S.C. section 1331 for violations of the plaintiff's rights under the Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the Constitution of the United States; Second, an action under 42 U.S.C. section 1985, 42 U.S.C. section 1986 and 28 U.S.C. section 1331 for conspiracy to violate the plaintiff's Fourth, Fifth, Sixth, Ninth and Fourteenth Amendment rights under the Constitution of the United States; Third, a claim for slander under the pendente jurisdiction of the Court; and Fourth, a claim for intentional infliction of mental distress under the pendente jurisdiction of the Court.

The acts which the plaintiff complains of began on or about March 9, 1974, when defendants Max Madsen and Henry Luebke along with James Green, a now deceased officer of the Sioux Falls Police Department, took the plaintiff into custody for the purpose of questioning the plaintiff about the disappearance of his wife, who had not been seen since March 7, 1974.

Mr. Lodermeier, according to the complaint, was held for a twenty-one hour period beginning at 9:00 A.M. on the morning of March 9, 1974, until 6:00 A.M. on the morning of March 10, 1974. The plaintiff was held at the Detective Bureau of the Sioux Falls Police Department and during this period he was not brought before a judge, was not charged with a crime, no

bail was set, was not permitted any phone calls and was not permitted to eat or sleep.

On March 10, 1974, the plaintiff was transferred to the Minnehaha County Jail. He remained incarcerated there until March 19, 1974. Mr. Lodermeier complains that during the 10 day period he was in the Minnehaha County Jail he was not charged with a crime and no bail was set.

Plaintiff also alleges that since his release March 19, 1974, he has been harassed and intimidated by the defendants. The defendants in this case include the City of Sioux Falls, Rick Knobe, Mayor of Sioux Falls, Merlin Sorenson, Chief of Police of the Sioux Falls Police Department, Donald Skadsen, Max Madsen, John Johnson, Billy G. Pattison, Henry Luebke, Dennis Sievers, H. Dean Schultz, officers of the Sioux Falls Police Department, and ten unknown officers of the Sioux Falls Police Department.

Three questions must be answered in order to reach the conclusion that the motions for summary judgment and partial summary judgment should be granted. First, can the City of Sioux Falls be held liable in a 1983 action, solely on the basis of respondeat superior? Second, can Mayor Rick Knobe and Chief of Police Merlin Sorenson be held liable in a 1983 action solely on the basis of respondeat superior? Third, what statute of limitation applies in 1983 actions and does the statute of limitations bar any of the plaintiff's causes of action?

## MOTION FOR SUMMARY JUDGMENT

### A. CITY OF SIOUX FALLS

The Supreme Court held in *Monroe v. Pape,* 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961), that "Congress did not undertake to bring municipal corporations within the ambit of (section 1983)." That holding, however, has recently been modified.

*Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, held that municipalities and other local government units are "persons" that can be sued directly under 42 U.S.C. section 1983. The Court stat-ed that "we now overrule *Monroe v. Pape, supra,* insofar as it holds that local governments are wholly immune from suit under Section 1983." *Monell, supra,* 663, 98 S.Ct. 2022. But the Court also points out by way of a footnote that "we do affirm *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), insofar as it holds that the doctrine of respondeat superior is not a basis for rendering municipalities liable under Section 1983 for the constitutional torts of their employees." *Monell, supra,* 663, 98 S.Ct. 2022.

This Court does not believe that it is necessary to trace the reasoning of the Supreme Court's decision to overrule its decision in *Monroe.* However, it is helpful to note the language that the Court uses in framing its opinion.

"Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress *did* intend municipalities and other local government units to be included among those persons to whom Section 1983 applies. Local governing bodies, therefore, can be sued directly under Section 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional *implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.* Moreover, although the touchstone of the Section 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, *local governments, like every other Section 1983 'person', by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels.* As Mr. Justice Harlan, writing for the Court, said in *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167–168, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970): 'Congress included custom and usages (in Section 1983) because of the persistent and widespread

discriminatory practices of state officials . . . .. Although not authorized by written law, such *practices of state officials could well be so permanent ,and well settled as to constitute a "custom or usage"* with the force of law.'

'"On the other hand, the language of Section 1983, read against the background of the same legislative history, compels the conclusion that *Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor— or, in other words, a municipality cannot be held liable under Section 1983 on a respondeat superior theory."* (emphasis added)

*Monell, supra,* 690, 98 S.Ct. 2035–2036.

The plaintiff can point to no policy statement, ordinance, regulation, or decision officially adopted and promulgated by the City of Sioux Falls and by which he has been injured. The plaintiff, however, does argue that the acts of certain city employees were so permanent and well settled that they constitute "governmental custom."

The facts in *Monell* indicate that the Department and Board had as a matter of *official policy* compelled pregnant employees to take unpaid leaves of absence before such leaves were required for medical reasons. Nevertheless, the language of the Court indicated that a government body could be sued in a 1983 action where constitutional deprivations had occurred pursuant to governmental "custom". The Court cites *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167–168, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), for that proposition and held that custom for the purpose of a 1983 action must have the force of law by virtue of "persistent practices" of state officials. This Court has had the opportunity to decide the issue of what constitutes "custom and usage" once before in *Ellingson v. Sears, Roebuck & Co.,* 363 F.Supp. 1344 (D.S.D.1973). In that case the Court also cited the *Adickes* case, *Ellingson, supra,* at 1347, for the above mentioned proposition.

■ The verified complaint, interrogatories and depositions taken together do not show that there have been persistent practices by state officials, or that practices were so permanent and well settled that they constitute "custom" as that term is used in 1983 actions. Therefore, the motion for summary judgment with respect to the City of Sioux Falls is granted.

## B. RICK KNOBE AND MERLIN SORENSON

Defendants Rick Knobe and Merlin Sorenson have had virtually no contact with the plaintiff which could constitute a violation of his constitutional rights. The complaint alleges that Knobe and Sorenson knew of the alleged harassment and slander perpetrated by officers of the Sioux Falls Police Department but did nothing to stop it.

The interrogatories and depositions reveal quite a different story. By the plaintiff's own account Mayor Knobe issued no directives, nor did he play a direct part in any alleged harassment or imprisonment of the plaintiff, nor did Mayor Knobe make any slanderous statements about Mr. Lodermeier. (Lodermeier deposition pp. 32–33, 37). With respect to Chief Sorenson, Mr. Lodermeier also admits that he has no proof of any slanderous statement made about him by Chief Sorenson. (Lodermeier deposition pp. 66–67).

■ The plaintiff's cause of action against Knobe and Sorenson is based on the theory of respondeat superior. Respondeat superior is not a basis for an action for alleged deprivation of civil rights. Personal involvement by a named defendant is a prerequisite to recovering damages under a 1983 action. *Sebastian v. United States,* 531 F.2d 900 (8th Cir. 1976); *Russ v. Ratliff,* 538 F.2d 799 (8th Cir. 1976); *Jennings v. Davis,* 476 F.2d 1271 (8th Cir. 1973).

In *Russ, supra,* the plaintiff filed a complaint alleging a deprivation of her husband's civil rights when he was shot and killed during a fight occurring after an

arrest. Named as defendants in the suit were Ratliff, the officer who supposedly shot Russ, Green, the trooper who arrested Russ, and the Mayor and City Councilmen of the city where the incident took place. There was testimony that a complaint had been made to the Mayor about the brutality of the defendant Ratliff. The court stated:

"The mere assertion of the brutality charge, without corroboration, is not enough to impose liability upon Mayor Thomasson for Ratliff's unlawful act."

*Russ v. Ratliff, supra,* 805. Circumstances here are substantially similar.

■ Since the only basis for an action against Knobe and Sorenson is founded on respondeat superior, the defendants' motion for summary judgment with respect to these two defendants is granted.

## MOTION FOR PARTIAL SUMMARY JUDGMENT

■ Questions have been raised by both parties regarding the statute of limitations to be applied in 1983 actions. It has long been held that the statute of limitations to be applied in these cases is the "most analogous" state statute of limitations. *O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). Accordingly, the Eighth Circuit Court of Appeals has held that an alleged deprivation of civil rights caused by the malicious prosecution of a criminal charge was barred by the Minnesota two year statute of limitations, *Savage v. United States,* 450 F.2d 449 (8th Cir. 1971); that the Iowa two year statute of limitations barred the prosecution of a 1983 action for malicious prosecution, *Johnson v. Dailey,* 479 F.2d 86 (8th Cir. 1973); that an action against prison guards for failing to protect an inmate was barred by the Arkansas statute of limitations, *Reed v. Hutto,* 486 F.2d 534 (8th Cir. 1973); that the Missouri statute of limitations limiting actions against federal officers in their official capacity to three years barred a 1985 action brought after the three year period, *Peterson v. Fink,* 515 F.2d 815 (8th Cir. 1975); that the Nebraska statute requiring actions predicated on federal statutes to be brought within three years barred a 1983 action brought by a former guidance counselor against the Omaha Public School District, *Chambers v. Omaha Public School District,* 536 F.2d 222 (8th Cir. 1976); and in a rather detailed analysis of the statute of limitations problem, *Clark v. Mann,* 562 F.2d 1104 (8th Cir. 1977), held that the applicable statute of limitations was the Arkansas three year statute of limitations.

Judge Bogue held in *Deitz v. Bowman,* 403 F.Supp. 1111 (D.S.D.1975), that an action against a sheriff for assault, battery and kidnapping was governed by SDCL 15–2–15(1) and was therefore barred by virtue of the fact that the action was not commenced within two years of the alleged occurrence. This case is strikingly similar to *Deitz, supra.*

Here, the defendants have made a motion for partial summary judgment with respect to the plaintiff's claims for libel, slander, assault or false imprisonment which occurred more than two years prior to the commencement of this action, February 21, 1978.

■ This Court believes that the "most analogous" state statute of limitations is SDCL 15–2–15(1), the same statute that was found to be controlling in *Deitz, supra.* That statute states:

Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within two years after the cause of action shall have accrued:

(1) An action for libel, slander, assault, battery, or false imprisonment; . . .

Therefore, with respect to claims arising out of libel, slander, assault, battery, or false imprisonment occurring earlier than two years prior to the time this suit was filed, February 21, 1978, the motion for partial summary judgment is granted.

Throughout this opinion the Court has referred to the 1983 action which is the plaintiff's first cause of action. In granting the defendants' motion for summary judgment and partial summary judgment, the

Court wants to emphasize that the motion applies as well to the 1985 and 1986 actions, which deal with the alleged conspiracy by the defendants to deprive plaintiff of his civil rights.

Counsel for the defendants shall draw an appropriate order.