John W. MORGAN and Diane C. Morgan, Plaintiffs and Appellants,

v.

Gerald M. BALDWIN, Defendant and Appellee.

No. 16561.

Supreme Court of South Dakota.

Argued Nov. 27, 1989.

Decided Jan. 24, 1990.

Rehearing Denied March 2, 1990.

Rick Johnson of Johnson, Eklund & Davis, Gregory, for plaintiffs and appellants.

Ed Carpenter, Rapid City, for defendant and appellee.

HERTZ, Circuit Judge.

The trial court found that appellants' John W. Morgan and Diane C. Morgan (Morgans) claim against appellee, Gerald M. Baldwin (Baldwin) was essentially a claim for attorney malpractice rather than a contract claim. The trial court applied the three year statute of limitations, SDCL 15–2–14.2, rather than the six year limitation prescribed for contract actions, SDCL 15–2–13(1), and granted Baldwin summary

judgment. Morgans appeal. We reverse and remand for trial.

We do not reach the merits of this case since the summary judgment involves only the question of what statute of limitations is applicable. We set out only those facts which are necessary to the appropriate resolution of this appeal.

Morgans owned and operated a KOA campground west of Custer, South Dakota, as well as a gun shop in the city of Custer. Since 1975 they employed Baldwin as their attorney.

Morgans decided to start a second KOA campground north of Custer (North Campground). It is not clear whether Baldwin or Morgans initiated a partnership discussion. In any case, on May 11, 1979, Morgans and Baldwin executed a partnership agreement which Baldwin prepared.

The partnership agreement called for the incorporation of the business. Baldwin was to pay Morgans an amount equal to one-half of Morgans' present cash investment in the purchase of the Northern Campground's real property and $10,000 for the KOA franchise. All cash contributions toward the construction of the North Campground were to be made on a 50/50 basis. Any overpayment by one party would be repaid to that party as funds became available. In addition, Morgans were to have management control and Baldwin was to contribute legal and business management services without expense to the venture.

On July 8, 1981, Morgans and Baldwin restructured their relationship with respect to the North Campground and entered into a limited partnership agreement prepared by Baldwin. Under this agreement, Morgans became solely responsible for the management of the partnership business. Baldwin no longer had anything to do with the management or conduct or control of the business, and was not to be held personally liable for the expenses, liabilities, or obligations of the partnership. The profits of the business were to continue to be divided on a 50/50 basis. Morgans were to be paid $4,000 per month after the payment of all current obligations. The agreement also called for John Morgan to assign his interest in the proceeds from the sale of the West Campground contract to the Custer County Bank to pay off partnership indebtedness.

On July 9, 1981, John Morgan signed an agreement prepared by Baldwin to purchase Baldwin's share of the North Campground for $50,000.

In August of 1983, Baldwin prepared and presented an agreement to Morgans purporting to dissolve their Northern Campground partnership. The sale proceeds from the West Campground contract were not sufficient to satisfy all partnership obligations, so Baldwin and Morgans agreed that portions of the indebtedness due the Custer County Bank would be shared equally.

After the execution of the dissolution of the limited partnership in August 1983, Morgans began consulting with attorneys about their contracts with Baldwin. On September 16, 1987, Morgans instituted the present litigation.

Baldwin contends that all of Morgans' claims arise out of Baldwin's employment as Morgans' attorney and the legal advice Baldwin gave them with respect to their partnership. Thus Baldwin urged the trial court to apply the three year attorney malpractice statute, SDCL 15–2–14.2. Morgans claim that their complaint is basically one founded on breach of contract, and therefore the statute of limitations governing contracts was applicable, SDCL 15–2–13(1). The trial court concluded that the nature of the action Morgans pleaded was essentially one alleging attorney malpractice and accordingly applied the three year statute of limitations, resulting in an order dismissing Morgans' complaint.

The issues raised by this appeal are:

I. Whether the allegations in the complaint are in the nature of a contract cause of action subject to the six year statute of limitations, or one in attorney malpractice subject to the three year statute of limitations?

II. Whether there was sufficient evidence of fraudulent concealment of a

cause of action presenting a jury issue rather than a law question for the court?

An initial review of pertinent summary judgment principles is appropriate. The party moving for summary judgment has the burden to show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. SDCL 15–6–56(c). The evidence, including all pleadings, affidavits and deposition testimony, must be viewed in the light most favorable to the non-moving party, and reasonable doubts should be resolved against the moving party. All reasonable inferences that may be drawn from the facts must be accepted in favor of the non-moving party. *Groseth International, Inc. v. Tenneco, Inc.*, 410 N.W.2d 159 (S.D.1987); *Wilson v. Great Northern Railway Co.*, 157 N.W.2d 19 (S.D.1968). Summary judgment is a drastic remedy, and should not be granted unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy. *Jewson v. Mayo Clinic*, 691 F.2d 405 (8th Cir.1982).

### Issue 1

WHETHER THE ALLEGATIONS IN THE COMPLAINT ARE IN THE NATURE OF A CONTRACT CAUSE OF ACTION SUBJECT TO THE SIX YEAR STATUTE OF LIMITATIONS, OR ONE IN LEGAL MALPRACTICE SUBJECT TO THE THREE YEAR STATUTE OF LIMITATIONS.

It is generally held that the nature of the cause of action or the right sued upon (and not the form of the action) is the test to determine what statute of limitation applies and whether the action is barred by the running of the limitation period. 54 C.J.S. *Limitations of Actions* § 32; 51 Am. Jur.2d, *Limitations of Actions* § 62.

As a matter of policy, where there is a substantial question as to which of two or more statutes of limitation within the jurisdiction should be applied, the statute containing the longest limitation should be applied. *Williams v. Lee Way Motor Freight*, 688 P.2d 1294 (Okla.1984). In other words, if a substantial doubt exists

about which statute of limitations applies, the longer rather than the shorter period of limitation is preferred. 51 Am.Jur.2d, *Limitations of Actions* § 63; 54 C.J.S. *Limitations of Actions* § 39.

Where the same transaction gives rise to two causes of action having different statutes of limitations, one may be timely while the other is barred. *Triangle Underwriters, Inc. v. Honeywell, Inc.*, 604 F.2d 737 (1979). In determining the applicable statute of limitations, it is the gravamen of the claim which governs and not the form in which it is pleaded. *Edwards v. State*, 95 Misc.2d 516, 407 N.Y.S.2d 804 (1978); *Giffin v. United Transp. Union*, 190 Cal.App.3d 1359, 236 Cal.Rptr. 6 (1987).

Under certain circumstances potential liability in tort may co-exist with liability in contract. When facts warrant either form of action, an injured party has the right to elect which form of action he will pursue. The general rule applied to situations falling within the twilight zone of contract and tort law is that doubt must be resolved in favor of an action on contract. The choice of which statute of limitations should apply ultimately rests on a characterization of the essence of the claim. *Weible v. Ronan State Bank*, 776 P.2d 837 (Mont.1989); *Thiel v. Taurus Drilling Ltd. 1980–II*, 710 P.2d 33 (Mont.1985).

Baldwin, however, urges that the general rule that the statute containing the longest limitation should be applied is contrary to the holding expressed in *Deitz v. Bowman*, 403 F.Supp. 1111 (D.S.D.1975). In *Deitz*, Judge Bogue stated that if the rule favoring a longer limitations period is part of the policy against statutes of limitations generally, it is not applicable, in light of *Chipperfield v. Woessner*, 84 S.D. 13, 166 N.W.2d 727 (S.D.1969). Baldwin thus claims that where there is a substantial doubt about which statute of limitations should apply, a trial court is at liberty to disregard such doubt and apply the shorter limitation period.

In examining the *Chipperfield* case, relied upon in *Deitz, supra*, it is clear that the holding only concerned the fact that in

South Dakota a statute of limitations defense is a meritorious defense which should not be regarded with disfavor and which should be treated like any other defense. *Chipperfield* did not involve the issue in *Deitz*, nor the issue in this case. As a matter of fact, the only pertinent holding in *Deitz* is that there was no substantial question (doubt) as to the applicability of the shorter statute of limitations. Thus we hold that *Deitz* is not controlling here.

We have held that the nature of the allegations must be determined from the allegations of the pleadings involved. *Baker v. Jewell*, 77 S.D. 573, 96 N.W.2d 299 (S.D.1959). This rule is applicable to statutes of limitations. *Chipperfield v. Woessner, supra.* Accordingly, we hold that in South Dakota, when one of two statutes of limitations may be applicable, such application should always be tested by the nature of the allegations in the complaint, and if there is any doubt as to which statute applies, such doubt be resolved in favor of the longer limitation period.

■ It is now necessary to apply the nature of the allegations test to Morgans' complaint in this case. Without setting out separate and distinct causes of action, the complaint alleges both contract claims as well as attorney malpractice claims.

Specifically, Morgans claim certain damages based on Baldwin's failure to perform agreements contained in the partnership agreement. These include Baldwin's failure to pay Morgans $10,000 for the KOA campground franchise and his half of construction expenses at the North Campground. Morgans also claim $66,000 for wages under the limited partnership agreement. Morgans concede a $10,000 credit is due Baldwin for personal items Morgans used while operating the North Campground.

Morgans claim they were required to absorb a $100,000 loss from the sale of the West Campground because of Baldwin's failure to properly advise them concerning other options available to them which might have preserved additional equity from the sale. Further, Diane Morgan claims a loss of $21,811.61, representing her interest in the sale of the West Campground. She attributes the loss to Baldwin's failure to properly advise her and protect her interest in the property.

Baldwin claims that because Morgans in their depositions characterized their claims in the nature of attorney malpractice, such testimony is conclusive of the nature of the cause of action. The Morgans, of course, are lay people, and as such have little, if any, concept of the niceties of pleading causes of action. We conclude that the test to be applied is the nature of the allegations in the complaint and not Morgans' characterization of their relationship with Baldwin. Although complaints of attorney malpractice are interwoven with breach of contract obligations, the gravamen of Morgan's cause of action is an obligation founded on contract.

This court, generally, has, almost without exception, viewed with disfavor any overly technical construction of our statutes, rules and pleadings, that would make effective use of our court system needlessly complex rather than simple, or unreasonably inaccessible rather than available to all who seek redress of wrongs.

All pleadings shall be so construed as to do substantial justice. SDCL 15–6–8(f). By this statutory mandate we are required to construe pleadings liberally for the purpose of determining its effect with a view of doing substantial justice between the parties. *Burmeister v. Youngstrom*, 81 S.D. 578, 139 N.W.2d 226 (1965). We believe our decision here is consistent with this goal.

What was said in *Williams v. Lee Way Motor Freight*, 688 P.2d 1294 (Okla.1984) is pertinent here:

> Generally if there is a substantial question of which of two or more statutes of limitations should be applied, the doubt should be resolved in favor of the application of the statute which contains the longest limitation. This serves the legislative intent of protecting defendants from stale claims, yet provides an approach of liberality which affords a plaintiff party-litigant maximum free access

to our court system. Although statutes of limitations are primarily designed to assure fairness to defendants because they prevent claims from being brought when the relevant evidence is so old that it is unreliable, the policy of repose is outweighed where the interest of justice requires otherwise.

For all the reasons stated, we find the applicable statute of limitations to be the one applied to contracts.

This court must emphasize that the determination to apply the contract limitation period is not based on the length of that limitation period; rather it is based solely upon the dominant or pervading cause of action (contract) which is inextricably intertwined with the attorney malpractice claim.

■ Having so decided, one of the immediate concerns of the trial court upon our remand is the effect of our ruling on the attorney malpractice claim. The trial court is entitled to some direction from this court. Are the Morgans restricted to damages only arising out of the contract claim, or should both claims be litigated as one claim? We have not had occasion to address this precise question. Little has been written concerning this question, but what has been written supports the conclusion that a single statute of limitation should be applied to the entire action.

Where a single injury results from a wrongful act, the court will assume, for the purpose of determining which of two or more statutes of limitations is applicable, that the complaint states only a single wrong, for which there can be only one recovery, although the allegations in the complaint purport to state several "separate and distinct" causes of action arising from negligence, breach of contract or statute and misrepresentation. 51 Am.Jur.2d *Limitations of Actions* § 63, *citing Schmidt v. Merchants Despatch Transportation Co.*, 270 N.Y. 287, 200 N.E. 824 (1936).

Under some authority, only one statute of limitations may be applied to the entire action, as where the causes of action are inextricably intertwined. In this case all the claims flowing from defendant's con-duct may be subsumed under a single limitation period. 54 C.J.S., *Limitation of Actions* § 39, *citing Walden III, Inc. v. State of Rhode Island*, 442 F.Supp. 1168 (D.C.R. I.1977); *Thiel v. Taurus Drilling, supra; Carpenter v. Dizio*, 506 F.Supp. 1117, (D.C. Pa.1981).

It is, of course, possible to allege several, individual causes of action based upon the same injury. A court may be obligated to segregate plaintiff's various claims and apply separate statutes of limitations to each. Multiple periods of limitations could apply to the same case. Construing this theory of election of remedies with reference to statutes of limitations, the United States Supreme Court has stated:

> If the choice of the statute of limitations were to depend upon the particular facts or the precise legal theory of each claim, counsel could almost always argue, with considerable force, that two or more periods of limitations should apply to each § 1983 claim. Moreover, under such an approach, different statutes of limitations would be applied to various 1983 claims arising in the same state, and multiple periods of limitations would often apply to the same case. There is no reason to believe that congress would have sanctioned this interpretation of its statute.

*Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

While we now have in South Dakota a statute which limits 1983 actions to three years after the alleged constitutional deprivation occurred (SDCL 15–2–15.2), we are persuaded by the logic and reasoning of this analysis, and see no reason why it should not be followed in this case. Accordingly, we hold that different periods of limitation should not be applied to different aspects of the two claims set out in the complaint. *Thiel v. Taurus Drilling, supra.*

Having thus decided, we find the applicable statute of limitation to be the one applied to contracts, which is six years (SDCL 15–2–13). Further, we conclude that because the allegations here are inextricably

intertwined with the contract claims, the attorney malpractice claims are subsumed in the contract claim. Accordingly, we reverse and remand this matter for trial.

By reason of our decision here, we perceive no need to discuss Issue II of this appeal.

WUEST, C.J., MORGAN and HENDERSON, JJ., and FOSHEIM, Retired Justice, concur.

HERTZ, Circuit Judge, for SABERS, J., disqualified.

FOSHEIM, Retired Justice, for MILLER, J., disqualified.