**OLD COLONY TRUST COMPANY and Richard K. Thorndike, Succeeding Executors of The Will of Lucy S. Rantoul**

v.

**UNITED STATES of America.**

Civ. A. 54-696-M.

United States District Court
D. Massachusetts.

Sept. 23, 1958.

Philip R. White, Norman Landstrom, H. LeBaron Sampson, Boston, Mass., for plaintiff.

Theodore D. Taubeneck, Lyle M. Turner, James P. Garland, Department of Justice, Washington, D. C. Andrew F. Oehmann, Acting Asst. Atty. Gen., Anthony Julian, U. S. Atty., Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., for defendant.

WYZANSKI, District Judge.

This case comes before me on a stipulation covering all the material facts, and

raises the single question whether Lucy S. Rantoul at the date of her death on November 7, 1947 had any interest in the so-called 1932 trust that would be taxable under the provisions of § 811(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 811(a).

The relevant statute, § 811, provides:

"§ *811.  Gross estate.*

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

"(a) Decedent's interest.  To the extent of the interest therein of the decedent at the time of his death."

On March 14, 1932 Lucy S. Rantoul and Neal Rantoul, being Massachusetts citizens, executed a joint declaration of trust.  Articles First and Second of the Trust were in these words:

"*First:*  The net income of said trust fund shall be disposed of as follows:

"The trustees in their uncontrolled discretion may divide said net income in equal or unequal shares among the children of said Lucy S. Rantoul who shall be living at the time of such division and the issue of such of her children as shall then have died leaving issue then surviving, or they may apply said net income or any part thereof in such manner as they shall see fit to the education and support of any of such children or such issue, or they may set apart and retain in their hands any part of said net income for any of said children or any of such issue, investing such retained income from time to time in their discretion.  Any income so set apart and retained for any of said children or any of such issue, the trustees may thereafter at such time or times as they shall think best so to do pay

over, either in whole or in part, to such child or such issue; and in case of the death of such child or such issue before payment to him or her of the entire amount of income so retained for him or her and before the termination of this trust, any balance so retained shall be paid over by the trustees to his or her issue, if any, and failing such issue shall be added to the other income then in the hands of the trustees. The foregoing provisions are subject to this qualification, that the discretionary authority given to the trustees in the division, application or retention of net income shall continue in force and effect only so long as said Lucy S. Rantoul and Neal Rantoul, or one of them, shall continue as trustees or trustee hereunder, and that upon said Lucy S. Rantoul and Neal Rantoul ceasing by death, resignation or otherwise to act as trustee hereunder, this discretionary authority shall not vest in the continuing or succeeding trustees, but thereafter the entire net income shall be distributed in quarterly payments, or oftener if convenient, among the persons entitled under the provisions hereof to receive the same.

"*Second:*  Said trust shall terminate on the death of the last survivor of the children of said Lucy S. Rantoul, and the trustees shall then divide the capital of said trust fund, together with all accumulated income not disposed of under the provisions of the preceding paragraph, among the issue of such of her children as shall then have died leaving issue then surviving, such issue taking by right of representation, and in case there shall be then living no issue of any of the children of said Lucy S. Rantoul the same shall be paid over and distributed to those persons who would then be entitled to receive the same had the said Lucy S. Rantoul then died intes-

tate, a resident of the Commonwealth of Massachusetts, seized and possessed of such property."

Lucy S. Rantoul was born on March 19, 1871, On March 14, 1932, she was within five days of being sixty-one years of age. On that date, she had two living children, Josephine L. Murray born August 12, 1894, and Lucy S. Rantoul, the younger (later Lucy S. Thorndike), born September 17, 1913, and one living grandchild, Josephine Lee Murray, the daughter of said Josephine L. Murray, born January 8, 1921. No children were born to Lucy S. Rantoul after the execution of the 1932 trust, and she never adopted a child.

Contributions to the 1932 trust were made by Lucy S. Rantoul and Neal Rantoul as follows:

### Contributions by Lucy S. Rantoul

| | | | |
|---|---|---|---|
| March 14, 1932 | Securities to the value of | $287,347.37 |
| 1934 | Securities to the value of | 103,312.50 |
| 1935 | Securities to the value of $33,936.11 and $18,000 in cash | 51,936.11 |
| | | $442,595.98 |

### Contributions by Neal Rantoul

| | |
|---|---|
| 1933 | $ 37,500.00 |
| 1934 | 38,380.00 |
| 1935 | 35,475.00 |
| 1936 | 9,369.00 |
| 1937 | 52,175.00 |
| | $172,899.00 |

Lucy S. Rantoul and Neal Rantoul served as the Trustees under the 1932 trust until December 19, 1946, on which date Lucy S. Rantoul resigned as a Trustee and Josephine L. Murray and Lucy S. Thorndike were appointed in her place to serve with Neal Rantoul as Trustees under the 1932 trust. At all times between December 19, 1946, and December 31, 1954, Neal Rantoul, Josephine L. Murray and Lucy S. Thorndike have been the Trustees under said trust.

May 7, 1941 Lucy S. Rantoul and Neal Rantoul executed an instrument releasing their discretionary authority as to income, so that thereafter the income of the 1932 trust was "payable to the children of said Lucy S. Rantoul and the issue by right of representation of any such children that shall during the continuance of the Trust die leaving issue surviving."

Mrs. Rantoul died, a citizen of Massachusetts, November 7, 1947. Her will was allowed by the Probate Court for the County of Essex, Massachusetts, December 12, 1947.

In the estate tax return for Mrs. Rantoul's estate, her executor did not include in her gross estate any interest in the trust property. The Commissioner of Internal Revenue suggested that the disposition of the remainder interest under the 1932 trust violated the Massachusetts uncodified rule against perpetuities, and that, therefore, the estate was entitled to an interest in that trust.

September 1, 1953, the executor filed in the Essex Probate Court a petition, under Mass.G.L.(Ter.Ed.) c. 231A, seeking a declaration as to the rights in the 1932 trust. To this petitioner there were made parties the legatees under Mrs. Rantoul's will, the trustees and ben-

eficiaries under the 1932 trust, the Massachusetts Attorney General, and others. September 16, 1953 the petitioner by registered mail informed the U. S. Commissioner of Internal Revenue about the petition. Though he did not appear, others vigorously contested the issue he had raised. July 20, 1954 the Probate Court entered judgment that the 1932 trust was not in violation of the Massachusetts rule, and that Mrs. Rantoul's estate had no interest in the 1932 trust. No appeal was taken. The appeal time has expired.

■■ In this case the federal statute purports to tax only such interest as at her death Mrs. Rantoul had in any property. Whether she had any interest in a Massachusetts trust is a question to be decided by Massachusetts law. Helvering v. Stuart, 317 U.S. 154, 161, 63 S.Ct. 140, 87 L.Ed. 154; Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 9, 57 S.Ct. 330, 81 L.Ed. 465. It has been authoritatively decided by the Massachusetts Probate Court in a contested case, in which opportunity to be heard was afforded all parties in interest, including the U. S. Commissioner of Internal Revenue, that at her death Mrs. Rantoul had no interest in the 1932 trust. Without intimating whether the Probate Court's judgment constitutes an estoppel by judgment, this Court accepts as correct that court's conclusions of law that the 1932 trust did not violate the Massachusetts rule against perpetuities, and that at the time of her death Mrs. Rantoul had no interest in the trust. Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; Estate of Babcock v. Commissioner of Internal Revenue, 3 Cir., 234 F.2d 837; Pitts. v. Hamrick, 4 Cir., 228 F.2d 486; Gallagher v. Smith, 3 Cir., 223 F.2d 218. Cf. Channing v. Hassett, 1 Cir., 200 F. 2d 514, 518. There is nothing to the contrary in Third National Bank & Trust Co. of Springfield v. United States, 1 Cir., 228 F.2d 772, where the federal court declined to follow a probate court's mere general interpretation of uncodified law principles which had not been presented to it in the form of a specific controversy, in a contested matter, for final adjudication by that tribunal in a case antedating the federal litigation.

Judgment to enter for plaintiffs in the stipulated amount of $118,943.43 with interest thereon from December 17, 1951.