George W. Pratt, S.
Petitioner Gladys Lindsay Sullivan, widow of decedent, seeks to withdraw two notices of election to take against decedent’s will, the first of which was filed May 24, 1962, prior to the issuance of letters testamentary and the second of which was filed May 31, 1962, after the issuance of letters testamentary.
The will left the widow a substantial legacy, conditioned on her surviving the decedent for a period of six months. On November 13, 1962, being six months and one day after decedent’s death, and less than six months after admission of the will to probate, the widow petitioned for permission to withdraw the said two notices of election. All interested persons were duly cited on this proceeding and a notice thereof was duly served by mail upon the State Tax Commission and the United States Director of Internal Revenue by both the attorneys for the petitioner and the attorneys for the executors.
The State Tax Commission appears herein by its designated attorney, Nicholas J. Changóse, Esq., who entered his appearance, offered no objections and took no other part in the proceedings. The Director of Internal Revenue did not appear. No testimony was taken or objections made. There has been no showing of prejudice or objection by anyone interested in this estate. No adverse rights have intervened.
Apparently a Surrogate cannot compel the Federal Government to come into his court. (United States v. Bank of New York, 296 U. S. 463; Grand River Dam Auth. v. Parker, 40 F. Supp. 82; Nicodemus v. Washington Water Power Co., 264 F. 2d 614.)
But there seems to be authority for putting the Federal Government on notice of local court proceedings. (Hoxie v. Page, 23 F. Supp. 905, affd. 104 F. 2d 918.)
The Federal courts recognize and give full faith and credit to the decisions of State courts on proceedings in rem. (Blair v. Commissioner, 300 U. S. 5; Freuler v. Helvering, 291 U. S. 35; United States v. Guaranty Trust Co., 76 F. 2d 747; Henrick *1076 sen v. Baker — Boyer Nat. Bank, 139 F. 2d 877; Helvering v. Stuart, 317 U. S. 154; Helvering v. Rhodes, 117 F. 2d 509; Old Colony Trust Co. v. United States, 165 F. Supp. 669; Morgan v. Commissioner, 309 U. S. 78.)
The right of election under section 18 of the Decedent Estate Law being a personal one, it is obvious, therefore, from the procedure followed by the attorneys for the petitioner widow, namely, of filing notice of election immediately after death and before probate and again after probate, and the prompt and timely petition to withdraw them, that the petitioner wished to make sure she- and her estate would receive at least her intestate share in case she should not survive the testator by the six months’ period prescribed by the will.
The Court of Appeals in Matter of Allan (5 N Y 2d 333, 343) has held that the widow has a right voluntarily to withdraw her notice of election where ‘ ‘ no adverse rights have intervened, and no prejudice has been shown as to creditors of the widow or as to other persons interested in the estate ”. (See, also, Matter of Tourneau, 4 Misc 2d 941.)
Matter of Allan (supra) also holds that court approval for such withdrawal is not necessary. The attorneys for the executors do not oppose this application but urge that the court make a determination herein so that certainty of the ultimate tax liability of the estate can be determined at this time rather than be cast in doubt until the final accounting and impliedly give the executors protection under any additional tax liability which may be caused by such withdrawal of the right of election.
Decree may be had to petitioners permitting the widow to withdraw the two notices of election and restoring her to her full rights as a legatee under said will.