**In the Matter of the ESTATE OF Gregory D. BERG, Deceased.**

**Lori Ann BERG, Petitioner and Appellee,**

v.

**Frances ZURAFF, Appellant.**

**No. 14344.**

Supreme Court of South Dakota.

Considered on Briefs May 23, 1984.

Decided Sept. 20, 1984.

Richard J. Corcoran of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for petitioner and appellee.

John A. Hurley of May, Johnson, Doyle & Becker, P.C., Sioux Falls, for appellant.

MOSES, Circuit Judge.

This is an appeal from an order which allowed a surviving spouse to rescind a disclaimer of her interest in her husband's estate. We affirm.

Decedent, Gregory Berg, died in an automobile accident on July 24, 1982. He left a surviving spouse, Lori Ann Berg, appellee herein, and no living issue.

Decedent and his wife had been having marital difficulties and were, at the time of the accident, separated. Because of the conflicting statements made by Mrs. Berg to decedent's mother, Frances Zuraff, several hours after the accident, Mrs. Zuraff thought that she (Mrs. Zuraff) was respon-

sible for the bills and funeral expenses, and accordingly she wanted Mrs. Berg to make a disclaimer of her interest in decedent's estate so that she (Mrs. Zuraff) could pay those expenses. On July 26, 1982, Mrs. Berg executed a disclaimer of her interest in the property of the decedent pursuant to SDCL 43-4-29, which provides:

> Any person who may be entitled to receive any property or beneficial interest, vested or otherwise, under any will of or by inheritance from a decedent, or as a surviving joint tenant of a decedent, or under the terms of an inter vivos trust or other lifetime transfer, or as the beneficiary of any life insurance policy, or any retirement plan or of any other contract, shall have the right to disclaim irrevocably the whole or any part of such property or beneficial interest.

Mrs. Zuraff filed a petition for letters of administration in her son's estate on November 8, 1982. On November 29, 1982, Mrs. Berg filed a notice of rescission of waiver of the disclaimer.

The disclaimer of interest was filed on March 23, 1983, which was within the nine-month period established by SDCL 43-4-30, which provides:

> If a disclaimer of an interest receivable under a will or by inheritance is made in writing and filed in the court in which the estate is pending not later than nine months after the date of death of the testator or intestate from whom such interest is receivable, then that disclaimer is retroactive to the decedent's death, and the property or beneficial interest so disclaimed shall pass in the same manner as if the person disclaiming had predeceased the decedent, unless otherwise provided by the decedent's will, in which case the will shall be controlling.

The trial court held that the disclaimer of interest was not effective until filed, and that since the rescission was filed before the disclaimer had been filed, the disclaimer had not been accepted.

Mrs. Zuraff appeals the decision of the trial court, urging that once a disclaimer of

interest is made and filed, it cannot be rescinded without the consent of the person who would take the property pursuant to the disclaimer.

This court has not heretofore considered whether one who has made a disclaimer of interest may revoke or rescind that disclaimer.

Mrs. Zuraff argues that since revoking or rescinding a disclaimer is not within those acts set forth in SDCL 43–4–36 that would bar or invalidate a disclaimer of interest, one who has executed a disclaimer may not later unilaterally revoke or rescind it.

A careful reading of our statutes on disclaimer, however, indicates that there is no legislative enactment with reference to withdrawal of an election to disclaim since the statutes are expressly concerned only with the making of an election, apparently leaving the question of rescission of a disclaimer to be determined by general principles of law.

Statutes in other states governing the use of disclaimers vary in their terms. The decisions of other courts interpreting their local statutes differ with respect to the matter of rescinding and revoking disclaimers.

Some states have permitted a surviving spouse to revoke or rescind a disclaimer if that action is taken within the period fixed by statute. *In re Hartt's Estate*, 75 Wyo. 305, 295 P.2d 985 (1956).

Courts have generally held that legislative acts of this character are simply statutes of limitations that fix a definite time after which an election filed cannot be considered. 2 Pomeroy, *Equity Jurisprudence*, § 513a (5th Ed.1941); *In re Sheely's Estate*, 102 Colo. 194, 196, 78 P.2d 378, 379 (1938).

Most courts make exceptions to permit the revocation or rescission of an election after the term fixed by statute in cases involving fraud or exceptional circumstances. *See* 81 A.L.R. 757 (1932).

We hold that a surviving spouse, if he or she obtains court approval, has the right to revoke or rescind a disclaimer of interest within the time limitation provided for by SDCL 43–4–30 providing no adverse rights have intervened and no prejudice has been shown to the creditors of the widow or widower or to other persons interested in the estate. *See In re Sullivan's Estate*, 37 Misc.2d 1074, 237 N.Y.S.2d 810 (1963).

A surviving spouse revoking or rescinding a disclaimer of interest must do equity by placing all persons who have changed their positions in reliance upon the disclaimer to their positions prior to the execution of the disclaimer.

We affirm.

WOLLMAN, MORGAN and HENDERSON, JJ., and DUNN, Retired Justice, concur.

WOLLMAN, J., dissents.

MOSES, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, Acting as Supreme Court Justice, not participating.

WOLLMAN, Justice (dissenting).

I would reverse the order appealed from.

The nine-month limitation fixed by SDCL 43–4–30 (originally six months, *see* 1968 S.D.Sess.Laws ch. 254, § 2(1)) was obviously established to correlate with the provisions of the federal estate tax laws and should not be determinative of the validity of an otherwise valid disclaimer. Indeed, SDCL 43–4–34 specifically provides that an untimely filed disclaimer operates as an assignment of the interest disclaimed.

It is understandable why Mrs. Berg should have had a change of heart several months later, given the nature of her marital relationship at the time of her husband's untimely death. There was no finding of fraud, misrepresentation, or duress on the part of Mrs. Zuraff, however, and accordingly the disclaimer should be upheld as valid.