#23776-r-RWS

**2006 SD 22**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF THE ESTATE OF
CLIFFORD T. MELAND,
Deceased.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT
ROBERTS COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JON S. FLEMMER
Judge

* * * *

LAWRENCE E. LONG
Attorney General

DANIEL J. TODD
Assistant Attorney General
Pierre, South Dakota                    Attorneys for appellant
                                        Department of Social Services.


GORDON P. NIELSEN of
Delaney, Vander Linden,
Delaney, Nielsen & Sannes
Sisseton, South Dakota                  Attorneys for appellee Estate.

* * * *

ARGUED FEBRUARY 15, 2006

OPINION FILED **03/08/06**

#23776

SABERS, Justice

[¶1.] The Department of Social Services (Department) petitioned the circuit court to allow its claim of $113,973.28 in the Estate of Clifford Meland. The Estate responded by filing a petition seeking to disclaim $166,849.77 that had passed to the Estate on account of various certificates of deposit and bonds that Clifford inherited from his sister, Alice Meland (Alice). The circuit court found that the disclaimer was untimely but operated as an assignment. The court then held that the assignment was not subject to the Department's claim. We reverse.

## FACTS

[¶2.] Alice died testate on October 1, 1997. Alice's will directed that her assets be distributed equally amongst her four brothers. However, the will noted the following in regards to her brother, Clifford Meland (Clifford):

> My brother Clifford and his wife, Margaret are both in the nursing home so Clifford's share shall be distributed, per-stirpes among the children of Clifford Meland.

In addition to the probate assets, Alice left a significant amount of non-probate assets in the form of bonds and certificates of deposit. Clifford was named a joint owner of some these non-probate assets.

[¶3.] After paying nursing home related expenses for nearly four years, it was determined that Clifford did not have the resources to pay for future care. He applied for, and was determined eligible to receive Medicaid assistance through the Department. According to Department records, Medicaid paid approximately $113,973.28 on Clifford's behalf.

[¶4.]        Clifford died testate on October 30, 2003.  The Department was served with notice of the probate proceedings on August 19, 2004.  Shortly thereafter, the Department filed a statement of claim for the $113,973.28 in Medicaid benefits expended on Clifford's behalf.[1]  The Estate rejected the Department's claim.  The Estate then filed a petition seeking to disclaim approximately $166,849.77 that passed to Clifford by virtue of the non-probate assets he inherited from Alice.

[¶5.]        The circuit court held a hearing on the Estate's petition for disclaimer. The court found that neither Clifford nor the Estate attempted to disclaim the assets received from Alice within the nine-month period mandated by SDCL 29A-2-801.  As a result, the court held that the attempted disclaimer was to be viewed as an assignment to the heirs of Alice's estate.  Additionally, the court held that the assets were to be assigned "free and clear of any claim" made by the Department and "said assets will pass as if Clifford [ ] Meland had predeceased Alice Meland." The Department raises the following issues:

1.  Whether the circuit court erred in determining the assignment is not subject to the Department's claim.

2.  Whether the circuit court erred in determining the assignment was in the best interest of the Estate.

3.  Whether the circuit court erred in denying the Department's petition for allowance of claim.

**Standard of Review**

[¶6.]        This case requires us to interpret SDCL 29A-2-801, which is part of South Dakota's Uniform Probate Code.  "[C]onstruing a statute entails answering a

---

1.        The Department's claim is the only claim that was filed in the Estate.

question of law; thus, we review the trial court's statutory interpretation de novo."

*In re* Estate of Howe, 2004 SD 118, ¶16, 689 NW2d 22, 27.  As this Court has

previously noted:

> Statutes are to be construed to give effect to each statute and so as to have them exist in harmony.  It is a fundamental rule of statutory construction that the intention of the law is to be primarily ascertained from the language expressed in the statute.  In addition, we are statutorily mandated to interpret uniform laws such as the [UPC] "to effectuate its general purpose to make uniform the law of those states which enact it." SDCL 2-14-13.

*In re* Estate of Jetter, 1997 SD 125, ¶11, 570 NW2d 26, 29 (quoting Rushmore State

Bank v. Kurylas, 424 NW2d 649, 653 (SD 1988)) (internal citations omitted).

## Decision

[¶7.]        Any person entitled to receive property, whether by will, intestate

succession, "or as a surviving joint tenant of a decedent … shall have the right to

disclaim irrevocably the whole or any part of such property or beneficial interest."

SDCL 29A-2-801(a).  A surviving joint tenant should follow the procedures set forth

in SDCL 29A-2-801(c) in order to disclaim his or her interest.[2]  That section

provides:

> If a disclaimer of an interest receivable by the surviving joint tenant of a decedent is made in writing and filed with the clerk of the court in which the joint tenancy or estate proceeding is pending not later than nine months after the decedent's death, then that disclaimer is retroactive to the decedent's death and the joint interest so disclaimed passes as if the surviving joint tenant had predeceased the decedent.

---

2.       But see *infra* n5.

SDCL 29A-2-801(c).  Thus, Clifford had nine months to disclaim the assets he received as a result of Alice's death.  It is undisputed that Clifford failed to disclaim within the prescribed time period.  Instead, Clifford's personal representative is attempting to disclaim those assets almost seven years after Alice's death.[3]

[¶8.]        Disclaimers that are not made within the nine-month time period set forth in SDCL 29A-2-801(c) are governed by SDCL 29A-2-801(i) which provides:

> A disclaimer not made within the time limits prescribed by this section shall be construed as an assignment of the interest disclaimed to the persons who would be entitled to take had the disclaimer been timely made.

SDCL 29A-2-801(i).  Pursuant to the above-quoted statute, the circuit court was correct in construing the Estate's untimely disclaimer as an assignment.  We now determine whether the circuit court was correct in concluding that the assignment was not subject to the Department's claim.

[¶9.]        SDCL 29A-3-817 pertains to claims by the Department for indebtedness incurred by paying for medical assistance or care.  That statute is found in South Dakota's Uniform Probate Code and provides:

> The Department of Social Services is entitled to receive personal property of a decedent by presenting an affidavit pursuant to [SDCL] 29A-3-1201 and a statement that the department has incurred an indebtedness by paying for the medical assistance for nursing home or other medical institutional care on behalf of the decedent.  If the person paying, delivering, *transferring*, or issuing personal property or the evidence thereof is aware of any such indebtedness, no payment or delivery may be made, except for payment of funeral expenses, unless payment is first made to

---

3.     SDCL 29A-2-801(j) gives the personal representative of an estate the same right to make disclaimers as that of the decedent.  In the present case, it is the personal representative who is attempting to disclaim.  However, it was Clifford who should have disclaimed within nine months after Alice's death.

> the Department of Social Services or the department has issued a satisfaction of indebtedness.

SDCL 29A-3-817 (emphasis added). In the present case, the Department presented an affidavit and statement that it had incurred an indebtedness of $113,973.28. The Estate's personal representative was aware of the Department's claim. Additionally, the Department has not issued a satisfaction of indebtedness. Consequently, the issue becomes whether an "assignment" pursuant to SDCL 29A-2-801(i) constitutes a "transfer" under SDCL 29A-3-817.

[¶10.] The terms "transfer" and "assignment" are not defined by South Dakota's Uniform Probate Code, but are terms of art. Black's Law Dictionary defines an assignment as "the *transfer* of rights or property." Black's Law Dictionary 115 (7th ed. 1999). It defines transfer as "*any mode* of disposing of or parting with an asset or an interest in an asset[.]" *Id.* at 1503. These definitions are consistent with the definition found in another provision of South Dakota law.[4] Thus, an assignment is a transfer in the legal sense of the word. As a result, the circuit court erred when it determined that the assignment was not subject to the Department's claim.[5]

---

4. SDCL 43-42-4 recognizes that an assignment is a transfer. It provides in part: "Every written assignment made in good faith, whether in the nature of a sale, pledge, or other *transfer*...." (emphasis added).

5. The Estate also argues that SDCL 29A-2-801(h) provides:

   The right and means provided in this section for the making of a disclaimer are not exclusive but are in addition to every other right and means of a person to make a disclaimer. Nothing in this section shall prevent the making of a disclaimer in any lawful manner. SDCL 29A-2-801(h).

(continued . . .)

[¶11.]    The Department incurred expenses of $113,973.28 on Clifford's behalf. The record is clear that Clifford had an interest in these assets as far back as October of 1997. The Legislature did not intend that an individual could avoid reimbursing the Department for Medicaid expenses by waiting six years, filing an untimely disclaimer, and then assigning the funds.[6] As this Court has noted, "[t]he Medicaid program is not to be used as an estate planning tool." Meyer v. South Dakota Dept. of Soc. Serv's, 1998 SD 62, ¶23, 581 NW2d 151, 157 (quoting Striegel v. State Dep't of Social Serv's, 515 NW2d 245, 247 (SD 1994)). We have also explained the public policy behind Medicaid as follows:

> Congress enacted the MQT [Medicaid Qualifying Trust] provision, § 1396a(k)(2), as an addition to the provisions designed to assure that individuals receiving nursing home and other long-term care services under Medicaid are in fact poor *and have not transferred assets that should be used to purchase the needed services before Medicaid benefits are made available.*

*Id.* (citations and internal quotations omitted) (emphasis in original). Nor should individuals be able to transfer assets in order to avoid reimbursing the Department for benefits that have been paid.

[¶12.]    The Estate cites *In re Estate of Kirk*, arguing that disclaiming assets in an attempt to avoid paying Medicaid debts is not offensive to public policy. 591 NW2d 630 (Iowa 1999). In *Kirk*, however, the Iowa Supreme Court was examining

_____

(. . . continued)
    However, the Estate has not asserted an alternative "lawful manner" by which it is attempting to disclaim.

6.    There is no evidence in the record that these assets were disclosed to the Department when Clifford applied for Medicaid benefits, or were brought to the Department's attention during the time he was receiving benefits.

a disclaimer by a personal representative who had followed the proper statutory procedures. *Id.* at 632-33. In the present case, the personal representative's actions are not to be construed as a disclaimer, but rather an assignment. SDCL 29A-2-801(i). It is therefore unnecessary for us to address whether a valid disclaimer pursuant to SDCL 29A-2-801 violates public policy when used to avoid paying Medicaid debts.

[¶13.] Finally, the Estate relies on the dissent in *In re Estate of Berg* which stated:

> The nine-month limitation fixed by SDCL 43-4-30 (originally six months, *see* 1968 SDSessLaws ch 254, § 2(1)) was obviously established to correlate with the provisions of the federal estate tax laws and should not be determinative of the validity of an otherwise valid disclaimer. Indeed, SDCL 43-4-34 specifically provides that an untimely filed disclaimer operates as an assignment of the interest disclaimed.

355 NW2d 13, 15 (SD 1984) (Wollman, J., dissenting). The Estate is urging us to view Justice Wollman's dissent in isolation. The issue in *Berg* was whether an individual could rescind a disclaimer. *Id.* at 14. The majority held that a disclaimer could be rescinded or revoked so long as it was done within the nine-month period prescribed by the statute. *Id.* Justice Wollman would not have permitted the revocation of a disclaimer absent a finding of "fraud, misrepresentation, or duress." *Id.* at 15. Thus, the crux of Justice Wollman's dissent was that absent a showing of fraud, misrepresentation, or duress, a disclaimer cannot be revoked, regardless of *when* the individual is attempting to revoke the disclaimer.

[¶14.] In summary, the attempt to disclaim was not filed within nine months of Alice's death, was untimely, and not retroactive to her death. Accordingly, it

operated as an assignment and was subject to the Department's claim. In view of our holding on Issue 1, it is not necessary to reach either Issue 2 or 3.

[¶15.]     Reversed.

[¶16.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur