#24800-rev-PER CURIAM
**2008 SD 113**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

KRISTEN JENSEN,                                    Plaintiff and Appellant,

    v.

ZACHARY LEE KASIK,                                 Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
YANKTON, SOUTH DAKOTA

* * * *

HONORABLE ARTHUR L. RUSCH
Judge

* * * *

JOHN HARMELINK of
Harmelink, Fox & Ravnsborg                 Attorneys for plaintiff
Yankton, South Dakota                      and appellant.

JACK H. HIEB
ZACHARY W. PETERSON of
Richardson, Wyly, Wise, Sauck & Hieb LLP   Attorneys for defendant
Aberdeen, South Dakota                     and appellee.

* * * *

CONSIDERED ON BRIEFS
SEPTEMBER 29, 2008

OPINION FILED 11/19/08

#24800

PER CURIAM

[¶1.]        Kristen Jensen's personal injury action was dismissed as beyond the applicable statute of limitations and she appeals.  We reverse.

FACTS

[¶2.]        On May 3, 2007, Jensen filed a civil complaint against Zachary Kasik seeking damages as the result of Kasik's alleged negligent operation of a motor vehicle.  The complaint alleged that on or about June 9, 2001, Kasik attempted to pass a vehicle in a no passing zone when it struck another vehicle.  The second vehicle was driven by Mike Hadley and Jensen was a passenger in Hadley's vehicle.  After service by publication, Kasik answered the complaint and asserted a statute of limitations defense.

[¶3.]        Kasik filed a motion for judgment on the pleadings based on the expiration of the statute of limitations.  Jensen responded by asserting that her mental illness had tolled the limitations period.  Following a hearing on the motion, the circuit court granted Kasik a judgment on the pleadings and entered an order dismissing the action.  The only issue raised by this appeal is whether Jensen's action was barred by the applicable statute of limitations.

ANALYSIS

[¶4.]        "Judgment on the pleadings provides an expeditious remedy to test the legal sufficiency, substance, and form of the pleadings."  Loesch v. City of Huron, 2006 SD 93, ¶ 3, 723 NW2d 694, 696.  "The purpose of a statute of limitations is speedy and fair adjudication of the respective rights of the parties."  Minnesota v. Doese, 501 NW2d 366, 370 (SD 1993).  The construction and application of a statute

of limitations presents a legal question and is reviewed de novo. Stratmeyer v.

Stratmeyer, 1997 SD 97, ¶ 11, 567 NW2d 220, 222.

[¶5.]        The relevant limitations period for a personal injury case stemming

from an automobile accident is "three years after the cause of action shall have

accrued." SDCL 15-2-14. The parties do not dispute that the cause of action here

accrued on June 9, 2001, and that this action was initiated more than three years

after that date. However, Jensen maintains that the limitations period was tolled

pursuant to SDCL 15-2-22. That statute provides:

> If a person entitled to bring an action other than for the
> recovery of real property, except for a penalty or
> forfeiture, or against a sheriff or other officer for an
> escape, was at the time the cause of action accrued,
> either:
>
> (1)    Within the age of minority as defined in
>        chapter 26-1; or
>
> (2)    Mentally ill;
>
> the time of the person's disability is not a part of the time
> limited for the commencement of the action.
>
> *The period within which the action shall be brought*
> *cannot be extended more than five years by any disability*
> *except infancy, nor can it be extended in any case longer*
> *than one year after the disability ceases.*

SDCL 15-2-22 (emphasis added). In response to the motion for a judgment on the

pleadings, Jensen maintained that her mental illness, which was stipulated by the

parties for the purpose of the motion, brought her within the applicable limitations

period. Jensen argues that SDCL 15-2-22 provides for an aggregate eight-year

statute of limitations based on her mental illness by adding a five-year extension

provided in that statute to the three-year general limitation for personal injury

actions. The circuit court, relying on *Shippen v. Parrott*, 506 NW2d 82 (SD 1993), determined that SDCL 15-2-22 provided for a maximum five-year limitations period as a result of the disability. Therefore, the circuit court found Jensen's action, commenced more than six years after the accident, was time-barred.

[¶6.] In *Shippen,* the Court indicated that "SDCL 15-2-22 permits a tolling of the statute for a maximum of five years." 506 NW2d at 86. The Court further held that as it related to tolling based on mental illness under the statute, such claims "must be challenged within five years of the tort." *Id*. Although SDCL 15-2-22 has remained unchanged since the time of that decision, we find it necessary to revisit its interpretation.

[¶7.] "It is a fundamental rule of statutory construction that the intention of the law is to be primarily ascertained from the language expressed in the statute." In re Estate of Meland, 2006 SD 22, ¶ 6, 712 NW2d 1, 2 (citations omitted). The relevant portion of SDCL 15-2-22 that controls the outcome of this appeal provides:

> The period within which the action shall be brought
> cannot be extended more than five years by any disability
> except infancy.

As stated above, *Shippen* interpreted this language as providing a maximum five-year period in which to bring a cause of action in the event of disability. However, this interpretation effectively eliminates the word "extended" from SDCL 15-2-22 as it relates to the five-year period. "Extended" has been defined as "[a] lengthening out of time previously fixed and not the arbitrary setting of a new date. Stretched, spread, or drawn out." Black's Law Dictionary, 583 (6th Edition 1990). To "extend" a limitations period necessarily includes taking into account the original limitations period. The prior interpretation that SDCL 15-2-22 provides for a five-year

maximum rather than a five-year extension from the expiration of the original limitations period is not supported by the language of the statute.

[¶8.] In this case, as the result of her disability Jensen was required to commence her action within five years after the expiration of the original limitations period, which was three years. Having commenced the action within this eight-year period, the cause of action is timely and the circuit court erred in dismissing the claim.[1] To the extent that *Shippen* holds otherwise, it is overruled. Accordingly, we reverse the order of dismissal and remand this matter to the circuit court.

[¶9.] GILBERTSON, Chief Justice, SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.

---

1. Although not relevant to the facts of this case involving a three-year limitations period, it is important to the analysis to note that an interpretation of SDCL 15-2-22 as creating a strict five-year maximum limitations period could create a situation where an individual suffering from a disability, as that term is defined, could actually be subjected to a shorter limitations period than others. For instance, our legislature has provided varying limitations periods with some ranging from six years to twenty years. *See e.g.,* SDCL 15-2-13 (six-year limitations period); SDCL 15-2-8 (ten-year limitations period); SDCL 15-2-6 (twenty-year limitations period). Applying the interpretation in *Shippen* to these causes of action would create an absurd result and further demonstrates the flaw in such an interpretation. "Statutes are to be construed to give effect to each statute and so as to have them exist in harmony." State v. $1,010 in Am. Currency, 2006 SD 84, ¶ 8, 772 NW2d 92, 94.