#26225-rev & rem-SLZ

**2012 S.D. 58**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

WAYNE MASLOSKIE and
SANDRA MASLOSKIE,                                      Plaintiffs and Appellants,

    v.

CENTURY 21 AMERICAN REAL
ESTATE, INC., a South Dakota
Corporation and G. PAT BALDWIN,          Defendants and Appellees.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
MEADE COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JOHN W. BASTIAN
Judge

\* \* \* \*

DYLAN A. WILDE of
Wilde & Hunt Prof., LLC
Spearfish, South Dakota                          Attorneys for plaintiffs
                                                 and appellants.


RODNEY SCHLAUGER of
Bangs, McCullen, Butler,
  Foye and Simmons, LLP
Rapid City, South Dakota                          Attorneys for defendants
                                                 and appellees.

\* \* \* \*

CONSIDERED ON BRIEFS
ON MAY 21, 2012

OPINION FILED **08/01/12**

#26225

ZINTER, Justice

[¶1.]        Wayne and Sandra Masloskie sued real estate agent G. Pat Baldwin and Century 21 American Real Estate Inc. on a number of causes of action including actual fraud.  Baldwin and Century 21 moved for summary judgment, arguing that all causes of action were barred by statutes of limitation on malpractice involving real estate agents and firms.  The circuit court granted summary judgment dismissing all claims.  Masloskies appeal the dismissal of their cause of action for fraud.  Because that cause of action is subject to a longer statute of limitations, we reverse and remand that portion of the judgment.

*Facts and Procedural History*

[¶2.]        We restate the facts in a light most favorable to Masloskies.  In August 2006, Masloskies noticed a listing for a parcel of real property in Meade County.  Masloskies contacted Baldwin, the listing agent who worked for Century 21.  Baldwin showed Masloskies the property.  Wayne Masloskie asked Baldwin how electricity would be supplied to the property.  Baldwin represented that Masloskies could connect to a power pole 277 feet away on property owned by the United States Forest Service.  Wayne asked Baldwin how he knew they would be able to connect to the power pole on Forest Service property.  Baldwin responded that he had discussed the matter with Dave Zwitzeg of Butte Electric.  Relying on Baldwin's representations, Masloskies purchased the property in October 2006.

[¶3.]        When Masloskies began building a home on the property in the spring of 2007, they discovered that Baldwin's representations were not true.  The Forest Service would not allow Masloskies to connect a private power line to the Forest

-1-

Service's pole. Wayne then contacted Dave Zwitzeg of Butte Electric. Zwitzeg indicated that he never told Baldwin that a private party could connect a power line to the power pole on Forest Service property. Baldwin later admitted that he had not contacted the Forest Service to determine whether private purchasers of the property could cross Forest Service property and connect to its power pole. Because Masloskies could not connect to the Forest Service's power pole, they incurred substantial unanticipated expense connecting to an alternate power source more than a half mile away.

[¶4.]     In June 2011, Masloskies brought suit against Baldwin and Century 21 (hereinafter collectively "Baldwin"). Masloskies asserted separate causes of action for fraud and deceit, negligent misrepresentation, breach of fiduciary duty, breach of contract, and breach of good faith and fair dealing. Masloskies also sought punitive damages.

[¶5.]     Baldwin moved for summary judgment on all claims. Baldwin argued that Masloskies' claims were barred by SDCL 15-2-14.6 and SDCL 15-2-14.7, three-year statutes of limitation for malpractice by real estate agents and firms. Masloskies resisted the motion, arguing that SDCL 15-2-13(6), a six-year statute of limitations for fraud applied. The circuit court granted summary judgment ruling that all causes of action were time barred under the malpractice statutes.

*Decision*

[¶6.]     Masloskies argue that the circuit court erred in applying the malpractice statutes of limitation to their claim for fraud. The construction and

#26225

application of statutes of limitation presents a legal question that we review de novo. *Jensen v. Kasik*, 2008 S.D. 113, ¶ 4, 758 N.W.2d 87, 88.

[¶7.]        SDCL 15-2-14.6 is the statute of limitations for real estate agent "malpractice, error, mistake, or omission." The statute provides:

> No action may be brought against a licensed real estate broker, broker associate, or salesperson, or any agent or employee thereof, for malpractice, error, mistake, or omission, whether based upon contract or tort, unless it is commenced within three years of the occurrence of the alleged malpractice, error, mistake, or omission. . . .

*Id.* SDCL 15-2-14.7 is a matching statute of limitations that applies to real estate firms. It provides:

> No action may be brought against a licensed partnership, association, limited liability company, or corporation of a real estate broker, or any agent or employee thereof, for malpractice, error, mistake, or omission, whether based upon contract or tort, unless it is commenced within three years of the occurrence of the alleged malpractice, error, mistake, or omission. . . .

*Id.* SDCL 15-2-13(6) is the statute of limitations for fraud. It provides:

> Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within six years after the cause of action shall have accrued:
>       . . .
>       (6) An action for relief on the ground of fraud . . . .

*Id.*

[¶8.]        Masloskies argue that their action for fraud is not one for "malpractice, error, mistake, or omission," and therefore, SDCL 15-2-14.6 and SDCL 15-2-14.7 do not apply. Baldwin argues that "malpractice" includes a claim for fraud. Baldwin points out that SDCL 15-2-14.6 and SDCL 15-2-14.7 include actions sounding in "contract" or "tort," and fraud may be the basis of tort and contract causes of action.

-3-

*See Schmidt v. Wildcat Cave, Inc.*, 261 N.W.2d 114, 117 (S.D. 1977). Baldwin also relies on our decision in *Bruske v. Hille*, in which we noted the Nebraska rule that: "[A]ny professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties is 'malpractice' and comes within the professional or malpractice statute of limitations." 1997 S.D. 108, ¶ 13, 567 N.W.2d 872, 876-77 (quoting *Colton v. Dewey*, 212 Neb. 126, 321 N.W.2d 913, 917 (1982)).[1] Relying on the Nebraska rule cited in *Bruske*, Baldwin contends that his alleged misrepresentations, whether negligent or fraudulent, are professional misconduct constituting malpractice within the meaning of the real estate agent and firm malpractice statutes of limitations.

[¶9.]      *Bruske* involved a claim against an oral and maxillofacial surgeon for fraud and deceit in failing to timely disclose the risk of a defective dental implant. The issue was whether Bruske's "fraud case [was] actually a medical malpractice claim." *Id.* ¶ 1. We concluded that although Bruske's claim was denominated as one for fraud and deceit, it was actually a medical malpractice claim that was governed by the statute of limitations for medical malpractice. *Id.*

---

1.      We repeated the Nebraska language in *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 27, 612 N.W.2d 600, 607. But the issue in *Martinmaas* involved insurance coverage for intentional acts. The question was whether "notwithstanding Engelmann's state of mind," the "evidence of [the defendant–doctor's] sexual misconduct could have supported a jury determination of malpractice for tort liability purposes." 2000 S.D. 85, ¶ 31, 612 N.W.2d at 608. *Martinmaas* is not applicable here because it did not involve the application of the rules determining which statute of limitations applies when the same transaction arguably falls within two statutes. *See infra* ¶ 12.

[¶10.]    Significantly, we arrived at that conclusion before we made note of the Nebraska Supreme Court's language in *Colton v. Dewey*. We first observed that Bruske's claim was based on her expert's opinion that the defect was known in the oral surgery profession, and therefore, the defendant had a "duty to warn" Bruske of the defective implant. *Bruske*, 1997 S.D. 108, ¶ 6, 567 N.W.2d at 874-75. We next observed that Bruske failed to allege facts supporting actual fraud; i.e., that the defendant acted "with intent to induce [Bruske] to alter [her] position to [her] injury or risk." *Id.* ¶ 9. We noted that "[Bruske's] allegations supporting fraud and deceit lack[ed] the usual specificity necessary for such claims." *Id.* ¶ 11. For both reasons, we concluded that "when closely examined, [Bruske's] claims sound in negligence[.]" *Id.* ¶ 12. We specifically noted that Bruske's expert medical witness indicated the defendant "breached the standard of care" by not notifying her of the danger of the defective implant. *Id.* We held that the defendant's "failure to timely notify Bruske of the danger of the implant[] [was] the gravamen of her cause of action, and therefore it [was] cognizable under" a malpractice rather than fraud statute of limitations. *Id.* But, it was only after we had reached that holding that we then, in dictum, surveyed rules in a number of jurisdictions like Nebraska. We used that survey to support the general proposition that "[m]edical malpractice characterized as fraud and deceit will not sanction a shift to a more beneficial statute of limitations." *Id.* ¶ 13. Consequently, although we used the Nebraska rule to support this additional general proposition, we did not adopt the Nebraska rule to determine which statute of limitations applies in this kind of case.

[¶11.] Further, the Nebraska rule cannot be unalterably applied here because the foundation for that rule is not followed in South Dakota. In determining the applicable statute of limitations in professional relationships, Nebraska declines to give separate consideration to allegations of misrepresentation and negligence, or to the different aspects of professional relationships. *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 421, 507 N.W.2d 275, 283 (1993). South Dakota does, however, separately consider allegations of negligence and fraud, as well as the different aspects of the professional relationship to determine the gravamen of the cause of action. *See Bruske*, 1997 S.D. 108, ¶ 1, 567 N.W.2d at 873 (separately examining whether allegations arising from the surgeon-patient relationship were actually grounded in fraud or malpractice); *Rehm v. Lenz*, 1996 S.D. 51, ¶ 16, 547 N.W.2d 560, 565 (separately considering allegations of malpractice and fraud in psychologist/counselor-client relationship); *Richards v. Lenz*, 539 N.W.2d 80, 85 (S.D. 1995) (same); *Morgan v. Baldwin*, 450 N.W.2d 783, 786 (S.D. 1990) (separately considering the "allegations" to determine the "nature" of a complaint alleging both malpractice and breach of contract in attorney-client relationship). *See also Zoss v. Schaefers*, 1999 S.D. 105, ¶ 11, 598 N.W.2d 550, 553.[2]

---

2.      We are not alone in this view. Other states have concluded that fraud statutes of limitation may be applicable after considering both the allegations of fraud and the allegations of malpractice to determine the gravamen of the action. *See, e.g., Umphrey v. Sprinkel*, 106 Idaho 700, 682 P.2d 1247 (1983). *Umphrey* involved facts very similar to this case. The Idaho Supreme Court held that a claim against a real estate agent for fraudulent misrepresentations about the adequacy of a water supply was subject to the limitations period for fraud rather than the limitations period for professional malpractice. *Id.* at 706, 682 P.2d at 1253. The court differentiated the allegations of fraud and malpractice because "[a]n action for fraud or deceit

(continued . . .)

[¶12.] South Dakota also recognizes that the "same transaction [may give] rise to two causes of action having different statutes of limitations." *Morgan*, 450 N.W.2d at 785. Therefore, liability may "co-exist" in different causes of action arising from one transaction. *Id.* Ultimately, "the nature of the cause of action or the right sued upon (and not the form of the action) . . . determine[s] what statute of limitation[s] applies . . . ." *Id.* "[W]hen one of two statutes of limitations may be applicable, such application should always be tested by the nature of the allegations in the complaint, and if there is any doubt as to which statute applies, such doubt [shall] be resolved in favor of the longer limitation period." *Id.* at 786.

[¶13.] Thus, in *Morgan* we recognized that the attorney-client relationship generated causes of action sounding in contract and malpractice. Because the "dominant or pervading cause of action (contract) [was] inextricably intertwined with the attorney malpractice claim[,]" we applied the longer contract statute of limitations. *Id.* at 787. In *Richards*, misconduct in a psychologist-client

_____

(. . . continued)

> involves more than mere negligence." *Id.* It went on to note: "While [fraud] is a tort action, it is more in the nature of an intentional tort, requiring that the speaker have knowledge of the representation's falsity or ignorance of its truth, as well as intent that the representation be relied upon." *Id. See also Brownell v. Garber*, 503 N.W.2d 81, 87 (Mich. Ct. App. 1993) (reasoning that because "the interest involved in a claim for damages arising out of a fraudulent misrepresentation differs from the interest involved in a case alleging that a professional breached the applicable standard of care[,]" "when a complaint alleges not only malpractice but also all the necessary elements of fraud, the statute of limitations governing fraud actions will apply to the fraud count"); *Simcuski v. Saeli*, 44 N.Y.2d 442, 453, 377 N.E.2d 713 (1978) (subjecting fraud claim to six-year statute of limitations for fraud, not shorter malpractice statute of limitations, noting that the liability involved "is not based on errors of professional judgment; it is predicated on proof of the commission of an intentional tort, in this instance, fraud").

relationship generated causes of action sounding in fraud or misrepresentation, negligence, and breach of contract. 539 N.W.2d at 84-85. We concluded that the causes of action were "interwoven . . . [and led] to the conclusion that the gravamen of the complaints [was] as much based in contract as . . . in negligence or fraud." *Id.* at 85. Therefore, the longest period of limitations applied. Similarly, in *Rehm*, we rejected the defendant-psychologist's reliance on a malpractice statute when claims based on fraud and deceit, negligence, breach of fiduciary duty, and breach of contract left doubt as to which limitations period was applicable. 1996 S.D. 51, ¶¶ 15-17, 547 N.W.2d at 565. The doubt was "resolved in favor of the longer six-year period governing claims of fraud and breach of contract." *Id.* ¶ 17.

[¶14.]     Applying our cases in this type of dispute, we note that unlike our general observation in *Bruske*, Masloskies did not merely categorize a malpractice action as one for fraud and deceit. Further, Masloskies' fraud cause of action was not premised on a duty arising from ordinary negligence. It was premised on one transaction involving allegations of fraudulent misrepresentations that if proven, could establish actual fraud[3] as well as negligent misrepresentation, breach of

---

3.     The elements of fraud are as follows:

> [T]hat a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it and was induced thereby to act to his injury or damage.

> *N. Am. Truck & Trailer, Inc. v. M.C.I. Commc'n Servs., Inc.*, 2008 S.D. 45, ¶ 8, 751 N.W.2d 710, 713.

fiduciary duty, breach of contract, and breach of good faith and fair dealing. Therefore, the gravamen of Masloskies' claims is based in fraud as much as in negligence, breach of contract, or breach of fiduciary duty. In such cases, the doubt regarding the applicable statute of limitations is resolved in favor of the longer period. We conclude that SDCL 15-2-13(6) governs Masloskies' cause of action for fraud.[4]

[¶15.]	Baldwin argues that even if the fraud limitations period is applicable, Masloskies have not met their responsive summary judgment burden of establishing a factual basis for fraud. *See Zephier v. Catholic Diocese of Sioux Falls*, 2008 S.D. 56, ¶ 6, 752 N.W.2d 658, 662 ("Entry of summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). More specifically, Baldwin asserts that Masloskies' evidence resisting summary judgment was inadmissible hearsay. *See* SDCL 15-6-56(e) (requiring that "opposing affidavits shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence. . . ."). However, Baldwin did not raise this hearsay objection before the circuit court. Therefore, that

---

4.	Baldwin points out that the real estate agent and firm malpractice statutes are more recent and they specifically apply to real estate agents and firms, while the fraud statute does not. Baldwin argues that canons of statutory construction mandate application of the more recent and the more specific statute. *See Peterson, ex rel. Peterson v. Burns*, 2001 S.D. 126, ¶¶ 28-29, 635 N.W.2d 556, 567 (concluding that a more recent and more specific malpractice statute controlled over a broader wrongful death statute). These canons are helpful when determining the meaning of ambiguous legislative enactments. But they do not trump the rule of *Morgan* and its progeny allowing a plaintiff the longer period of limitation when more than one cause of action arises from one transaction. *See supra* ¶ 12.

objection is waived. *In re Estate of Duebendorfer*, 2006 S.D. 79, ¶ 19, 721 N.W.2d 438, 443-44. Similarly, although Baldwin argues Masloskies' evidence did not establish intent to defraud, that argument was not presented to the circuit court. Therefore, that argument is also waived. *City of Watertown v. Dakota, Minn. & E. R.R. Co.*, 1996 S.D. 82, ¶ 26, 551 N.W.2d 571, 577 ("We have long held that issues not addressed or ruled upon by the trial court will not be addressed by this Court for the first time on appeal.").

[¶16.]     Reversed and remanded for further proceedings on Masloskies' cause of action for fraud.

[¶17.]     GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.